## Richmond

ARTHUR WILLIAM WILKERSON v. ROSE MARIE WILKERSON.

November 26, 1973.

Record No. 8162.

Present, Snead, C.J., I'Anson, Harrison, Cochran, Harman and Poff, JJ.

*Conrad C. Lewane* (*White, Cabell, Paris & Lowenstein*, on brief), for appellant.

*J. Grady Monday* (*Monday & Monday*, on brief), for appellee.

HARMAN, J., delivered the opinion of the court.

The principal question presented by this appeal involves the right of a father, Arthur William Wilkerson, to the custody of his five-year-old daughter, Beth Marie Wilkerson. The trial court awarded custody of Beth to Ruby and Malcolm Buchanan. Ruby Buchanan is Mrs. Wilkerson's stepaunt. Malcolm Buchanan is Ruby Buchanan's husband.

Mr. Wilkerson was awarded a divorce from his wife, Rose Marie Wilkerson, on the ground that the wife had willfully deserted him

for more than one year. The trial court found Mrs. Wilkerson was not a fit and proper person to have custody of Beth because of a long history of mental instability and alcohol addiction. This finding, which is not challenged upon appeal, is amply supported by the record.

The record shows that Beth was placed by her father in the temporary custody of the Buchanans, who are residents of Fairfax County, on October 8, 1970, when it became necessary to commit Mrs. Wilkerson to Eastern State Hospital for care and treatment of her condition.

In July, 1971, Mrs. Wilkerson instituted her suit for divorce in which she asked the trial court to award Beth's custody to her.

In August, 1971, upon Mr. Wilkerson's petition, with the concurrence of Mrs. Wilkerson's attorney, an order was entered by the Juvenile and Domestic Relations Court of Fairfax County continuing temporary custody of Beth in Mr. and Mrs. Buchanan until such time as a custody order was entered by the Circuit Court of Henrico County, wherein the divorce proceeding was pending.

None of the evidence presented here in any way reflects upon the fitness of Mr. Wilkerson as a parent. In fact, Mrs. Buchanan testified that Mr. Wilkerson would be able to care for Beth "if he got someone to help him." She also testified that "[h]e [Mr. Wilkerson] is very good with Beth."

The evidence established that Mr. Wilkerson, who resides in Richmond, visited Beth almost every weekend at the home of the Buchanans in Fairfax County. Beth knows and recognizes him as her father. Mr. Wilkerson made weekly support payments to the Buchanans in an amount in excess of that directed by the court in Fairfax. In addition, he paid Beth's medical bills, provided clothing for her and paid her expenses in attending nursery school.

The evidence discloses that the Buchanans are devoted to Beth. Since October, 1970, they have provided her with a suitable and stable home, excellent care and great love and affection. While they are not parties to this suit, they indicated to the trial court that they were willing and eager to have Beth's custody awarded to them.

The appellee, Mrs. Wilkerson, argues that our decision in this case is controlled by *Dyer* v. *Howell*, 212 Va. 453, 184 S.E.2d 789 (1971). We do not agree. In *Dyer*, the father, who was seeking custody, had earlier been deprived of permanent custody by a court of competent jurisdiction after hearing of the case on its merits. The facts here disclose that the temporary custody order of the Juvenile and Domestic Relations Court of Fairfax County was entered by agreement upon

the petition of Mr. Wilkerson during pendency of the divorce proceeding. This action was taken for Beth's protection and to maintain the status quo.

That order, an agreed temporary custody order, has neither the dignity nor the effect of a final order of custody upon the merits, as was the case in *Dyer*.

The correct rule of decision here is that laid down in *Judd* v. *Van Horn*, 195 Va. 988, 81 S.E.2d 432 (1954), where we said:

> "The general rule that the welfare or interest of the child is of paramount consideration in determining the question of custody has its most accepted application in the settlement of the rival claims of parents and is subject to the condition that a fit parent with a suitable home has a right to the custody of his child superior to the rights of others. Here the law presumes that the child's best interests will be served when in the custody of its parent. [citations omitted].
>
> "The burden of showing the existence of circumstances which would deprive the father of the right to custody of his son is upon the parties opposing this right. [citation omitted]. And such evidence of unfitness must be cogent and convincing. [citations omitted]."

In his letter opinion the chancellor found "that the preponderance of the evidence dictates that the best interests of the infant, Beth Marie Wilkerson, lie in her remaining in the custody of Mr. and Mrs. Malcolm Buchanan." From this finding it appears that the chancellor failed to follow *Judd*, for the burden was upon Mrs. Wilkerson to show her husband's unfitness by clear and convincing evidence, a burden she failed to carry. As between awarding custody to a parent or a third party, the evidence must also be clear and convincing that the welfare and best interests of the child will be served by awarding custody to someone other than the parent.

As we pointed out in *Malpass* v. *Morgan*, 213 Va. 393, 400, 192 S.E.2d 794, 799 (1972), the rights of the parent may not be lightly severed but are to be respected if at all consonant with the best interest of the child.

It is only in those extreme cases, where the interest of the child demands it, that the rights of the parent may be disregarded. *Forbes* v. *Haney*, 204 Va. 712, 716, 133 S.E.2d 533, 536 (1963). Stated differently, in the absence of a showing of unfitness of the parent, special

facts and circumstances must be shown constituting an extraordinary reason for taking a child from its parent, or parents. *Higgins* v. *Higgins*, 205 Va. 324, 329-30, 136 S.E.2d 793, 797 (1964).

As we noted earlier, there has been no showing of unfitness on the part of the father. The chancellor failed to find clear and convincing evidence that the interest of Beth demanded that custody be awarded to the Buchanans. Nor do we find in the record a showing of special facts and circumstances constituting an extraordinary reason for awarding custody of Beth to someone other than her father.

In these circumstances, we will reverse that part of the decree awarding custody of Beth to the Buchanans and will enter a decree awarding custody to her father, Arthur William Wilkerson. That part of the decree requiring the appellant to make weekly support payments to the Buchanans is likewise reversed and set aside.

The appellant, Mr. Wilkerson, argues that the trial court erred in allowing Mrs. Wilkerson's attorney a fee for representing her in the trial court. The award of such an attorney's fee is within the sound discretion of the trial court. Code § 20-103. Finding no evidence to support an abuse of discretion, we affirm the decree except as to the award of custody and support.

*Affirmed in part; reversed in part; and final decree.*