# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Javid Mirza

September 14, 1981

Case No. M-5422

By JUDGE ALBERT H. GRENADIER

On May 21, 1981, the Alexandria Juvenile and Domestic Relations General District Court entered an order finding Javid Mirza, age 4, within the jurisdiction of the Court, taking custody of said child and placing his custody temporarily with his grandparents. An appeal was noted by the child's father, Zafar Mirza, and the case comes before this Court on that appeal.

This case has had a rather unusual history. On February 28, 1980, the Juvenile and Domestic Relations General District Court held a hearing on a custody petition, found the child within the jurisdiction of that Court, took custody of the child and placed him in the temporary custody of his father. On January 16, 1981, the Court noted that the father had not assumed custody and ordered that temporary custody remain with the mother until the final hearing. On the same day, Howard Turner, the child's maternal grandfather, filed a petition with the Court alleging that custody should be determined between him and his daughter, the child's mother. The case was continued to February 26, 1981. On February 26, 1981, the case was continued to May 21, 1981, for a home study and temporary custody was awarded to the mother until the home study was complet-

ed. On May 21, 1981, the Court held a hearing which culminated in the order which is now appealed.

In a contest between parents, the welfare of the child is the sole determining factor. In such a case it is not necessary for the court to find a parent unfit in order to award custody to the other parent. But a different rule applies in custody disputes between a parent and a non-parent. The law appears to be settled in Virginia that in custody disputes between a parent and a non-parent, the parent will prevail unless the non-parent proves by clear, cogent and convincing evidence both that the parent is unfit and that the best interest of the child will be promoted by granting custody to the non-parent. *Sutton v. Menges*, 186 Va. 805 (1947); *Wilkerson v. Wilkerson*, 214 Va. 395 (1973); *Rocka v. Roanoke County Department of Welfare*, 215 Va. 515 (1975).

In this case, the grandparents have proven by clear and convincing evidence that the best interest of the child will clearly be promoted by permitting him to remain in their custody. And although there is evidence that Mr. Mirza has some shortcomings in his role as custodian of the child, still the evidence falls short of the required standard of clearly and convincingly demonstrating that he is an unfit parent. In the absence of such a showing, the Court has no alternative but to grant custody of the child to his father.

Accordingly, it is the judgment of the Court that custody of Javid Mirza be placed with his father, Zofar Mirza. In order to maintain the child's relationship with his grandparents and his mother, the grandparents and mother will be granted visitation with the child every weekend from 6:00 P.M. Friday until 6:00 P.M. Sunday and on alternate holidays. The grandparents and mother will also be granted the temporary custody of the child for an eight-week period during the summer vacation. The child shall not be removed from this state without the prior approval of this Court.