## CIRCUIT COURT OF FREDERICK COUNTY

In re Hughart

July 27, 1983

Case No. (Chancery) 6977

BY JUDGE ROBERT K. WOLTZ

This proceeding is on a bill of review filed by the intervenor in the case to a final decree entered February 8, 1983, awarding full custody of a child to his father. The bill of review was timely filed and on it the case was reinstated to the active docket.

In this case the intervenor, mother of the child, had been divested of her custody in favor of the Department of Social Services. That agency had physical custody of the child, as well as the legal custody formerly in the mother, but because the father could not be found and served with process in the divestiture proceeding, he still retained his parental custodial rights. He later petitioned to gain full legal and physical custody, which position the agency favored, but the mother intervened in favor of continuance of the status quo. The decree complained of granted the father's petition for custody.

The bill of review raises the issue that this Court did not make a finding of fitness on the part of the father, alleging that to be an indispensable precondition of the custody award to him. The decree was founded on and incorporated a written opinion of January 4, 1983.

The statute dealing with bills of review is § 8.01–623. That section is procedural and does not purport to define a bill of review nor set out the grounds upon which it may be founded. For those determinations, resort must be had to case law. *Rice v. Products Co.*, 199 Va. 380, 383 (1957), states: "Its purpose is to have the trial court re-examine a previous final decree in the cause and to accomplish a reversal, modification or nullification of the decree . . . . Only two grounds are available for this relief, *viz.* (1) for error of law apparent on the face of the record, or (2) newly discovered evidence." (*Black's Law Dictio-*

*nary* (5th ed. 1979) indicates a third classification "for fraud impeaching the original transaction.")

Intervenor's bill in part alleges the decision of the Court was contrary to the evidence. Questions of the sufficiency of the evidence and "errors of judgment in the determination of facts" cannot be reached by bill of review. *Rice, supra.*

The remaining points of the bill of review, however, do go to questions involving errors of law on the face of the record. First, the bill asserts that the burden of proof was wrongfully placed, that the burden of proof rested with the father to show by a preponderance he was a fit person to have custody. Actually, the assignment of burden of proof by the Court was that the intervenor must show by clear and convincing evidence that the father was an unfit person to have custody, and during the preliminary proceedings, the intervenor acquiesced in that view. Second, the bill asserts the father should not have received custody unless there was a finding based on the evidence he was a fit person to have custody.

The Court considered this case, with its unusual factual situation, to be most analogous to those involving "the choice between a third party and a natural parent who has not lost custody through abandonment or through adversarial legal proceedings." Opinion January 4, 1983 (incorporated by reference in the final decree) page 4. *Walter v. Brooks*, 203 Va. 417 (1962), was quoted with respect to rules appertaining in those situations, namely, that "the rights of the parent are, if at all possible, to be respected," and "the best interests of the child are paramount," and "[t]his is true whether the rights of the parent are sought to be denied because it is claimed that they have been voluntarily relinquished or because the parent is unfit," and whichever be the case, "the burden is upon the one seeking to sever the parent's right to show such relinquishment or unfitness by clear, cogent and convincing proof." The opinion goes on to state that *Wilkerson v. Wilkerson*, 214 Va. 395 (1973), was found factually closest to this case and quoted it as to the burden and standard of proof to show unfitness.

The import of the intervenor's memorandum of law seems to be that her failure to prove by clear and convincing evidence the unfitness of the father does not relieve him of a burden to show his fitness. Intervenor argues that despite the presumption that the best interests of the child lie in placing custody with its natural parent, this presumption merely shifts the burden to the intervenor to show the father's unfit-

ness, and the burden of ultimate persuasion is still on the parent to show that he is fit and proper.

My view is that the law in this jurisdiction so strongly favors the custodial rights of a parent, particularly one who has never been divested or otherwise lost custody, that the *prima facie* presumption in favor of a parent continues throughout the case to its conclusion unless and until a third party, such as the intervenor here, demonstrates the parent's unfitness by clear and convincing evidence. The intervenor, not having so satisfied the Court, the presumption continued to be indulged.

Though the father in this case was by no means an ideal parent, and it is questionable whether the ideal custodian of this child with his problems could ever be found, the Court found that the best interests of the child would be served by awarding custody to the father. By implication, this amounts to a finding of the father's fitness under the peculiar circumstances of this case, for no court is likely to find that an award of custody to an unfit parent is in the best interests of the child. While certainly there are degrees of fitness, yet a parent in each individual case is either fit or unfit. Unfitness was not shown here by clear and convincing evidence. It follows from this and the presumption favorable to him that the father is fit, otherwise a finding that the best interests and welfare of the child are served by awarding his custody to the father would be a contradiction.

For the foregoing reasons, the bill of review is disallowed.