## CIRCUIT COURT OF CRAIG COUNTY

James Thomas Brewbaker

v.

Noel Huffman et ux.

October 26, 1984

By JUDGE DUNCAN M. BYRD, JR.

In this custody dispute between a parent and non-parent, most of the material facts, with the exception of facts relative to the "quality of custodial care" which would be provided by the respective parties, are not in major dispute.

The Court is of the opinion that the applicable rule of law is "that in custody . . . cases the welfare of the child is of paramount concern and takes precedence over the rights of parents. . . . There is however, a condition to the rule . . . . The condition is that the rights of parents may not be lightly severed but are to be respected if at all consonant with the best interests of the child." *Rocka, etc. v. Roanoke County Department of Public Welfare*, 215 Va. 515 at 517 (1975). "The burden is upon the one seeking to sever the parents right to show . . . relinquishment or unfitness by clear, cogent and convincing proof." *Walker v. Brooks*, 203 Va. 417 at 421 (1962), "or special facts and circumstances . . . constituting an extraordinary reason for taking a child away from its parents." *Wilkerson v. Wilkerson*, 214 Va. 395 (1973).

When the facts in this case and the facts in *Walker v. Brooks, supra,* and *Wilkerson v. Wilkerson, supra,* are compared and applied to this "rule of law", it is clear that the Defendants have failed to meet this burden. There is no evidence of unfitness on the part of the Plaintiff and the evidence of relinquishment or other special facts and circumstances falls

short of those in *Walker, supra,* and *Wilkerson, supra.* This rule will certainly appear unfair from the Defendants' viewpoint since their evidence clearly shows them to be devoted, fit and proper substitute parents. However, the rule of law appears to be well established and properly so. The factual case can be fairly summed up by paraphrasing Mrs. Huffman's summary of Mr. Brewbaker's reasons given her for wanting Richard back. "He (Plaintiff Brewbaker) found no fault with the way I (Defendant Huffman) was keeping Richard but he said he wanted him back because he was his."

The Plaintiff is entitled to the custody of his son. Mr. Strickland is directed to prepare an order consistent with this opinion and with the proviso that the parties are encouraged to perfect the transfer of custody so as to cause the least impact to Richard Brewbaker, the subject of this dispute.