COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Willis and Lemons
Argued at Richmond, Virginia


DONALD BLAIR DeVORE
                                    MEMORANDUM OPINION[*] BY
v. Record No. 0552-98-2       JUDGE JAMES W. BENTON, JR.
                                       FEBRUARY 2, 1999
SUZANNE MARGARET BINDEMAN DeVORE


           FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Theodore J. Markow, Judge

           Deanna D. Cook (Bremner, Janus & Cook, on
           briefs), for appellant.

           Robert C. Bode (Hooker, Bode, Collier,
           Dickinson & Gardner, on brief), for appellee.


     Upon Donald Blair DeVore's motion to enforce a provision of

a property settlement agreement, the trial judge conditionally

relieved DeVore (the husband) of his obligation to pay spousal

support to his former spouse, Suzanne Margaret Bindeman DeVore

(the wife).  On this appeal, the husband contends that the trial

judge erred in not permanently terminating his spousal support

obligation.  We agree.

                                 I.

     The parties were divorced in 1990.  The final decree

"affirmed, ratified, and incorporated" by reference the parties'

property settlement agreement that obligated the husband to pay

spousal support pursuant to the following provision:
                The husband shall pay to the wife for her
                support and maintenance the sum of $750.00
─────────────────
          [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

per month, with such amount being payable $375.00 on the first day of each month and $375.00 on the 15th day of each month. These payments shall continue for twelve months from the date of June 1, 1989, until extended or terminated per provisions of this paragraph.

The husband and wife own a business known as Delicacies, Limited. Under other provisions of this Agreement, the husband conveys all of his right, title and interest in such business to the wife. If at the end of twelve months from the date of this Agreement the wife elects, at her sole option, not to place such business on the market for sale, the obligation of the husband to the wife to pay spousal support shall terminate permanently. If at the end of twelve months from the date of this Agreement the wife elects to place such business on the market for sale, the husband shall continue to pay $750.00 per month as set forth above for the support and maintenance of the wife until the wife has sold the business, obtained new employment and has received her first pay check from such employment, but such extension of the spousal support payments beyond the twelve months from the date of this Agreement shall be for an additional period not to exceed six months unless otherwise extended per the following paragraph.

If the wife elects to place the business on the market for sale and the wife is not able to obtain employment grossing $20,000.00 a year annually or more following the above 18-month period (12 months plus possible 6-month extension), then the husband may be obligated to pay spousal support to the wife in an amount and if so ordered by an appropriate court; if the wife under such circumstances does obtain employment grossing her at least $20,000.00 a year, the husband shall then have no obligation to pay spousal support to the wife.

In addition to the above, the husband shall maintain reasonable and adequate medical and hospitalization insurance

- 2 -

coverage for the benefit of the wife so long
as he is obligated to pay spousal support to
the wife.

In 1997, the husband filed a motion to terminate his obligation to pay spousal support and alleged that the wife was earning a salary of $26,000 per year. The wife responded by filing a motion to increase the amount of spousal and child support, to hold the husband in contempt for breach of the agreement, to order reimbursement from the husband for money she spent for medical expenses on behalf of their child, and to have her attorney's fees and costs reimbursed. At the hearing on the husband's motion to terminate his obligation to pay spousal support, the trial judge ruled inadmissible the wife's evidence concerning her allegation that the husband breached the agreement in 1989 and 1992 when he failed to pay certain marital debts. The trial judge ruled that if the wife had a cause of action for breach of the agreement based upon the failure to pay the debts, that matter had to be addressed in a separate action. Following testimony by the husband and the wife, the trial judge entered an order finding, as pertinent to the issues on this appeal, that the wife's gross annual income exceeded $20,000 and ruled that the husband was "relieve[d] . . . of any obligation to pay spousal support so long as [the wife] earns $20,000 or more in gross annual income."

## II.

The husband contends that the trial judge erred in not

permanently terminating his spousal support obligation.  The wife
contends that the trial judge correctly interpreted the agreement
to allow a future reinstatement of spousal support.  By
cross-appeal, the wife further contends on brief that the trial
judge erred (1) in refusing to hear evidence of the husband's
breach of the agreement by failing to pay marital debts, (2) in
terminating the spousal support payments, and (3) in not awarding
her attorney's fees and costs.

III.

When a trial judge has "affirm[ed], ratif[ied] and
incorporate[d] by reference in [the] . . . decree of divorce
. . . any valid agreement between the parties . . . concerning
the conditions of the maintenance of the parties," Code
§ 20-109.1, the trial judge later may not enter a "decree or
order directing the payment of support and maintenance for the
spouse . . . except in accordance with that [agreement]."  Code
§ 20-109(C).

> This provision of Code § 20-109 inhibits
> the power of the court to award or consider
> modification of the decree to the extent that
> spousal support and maintenance are provided
> for in the incorporated agreement of the
> parties.  In such cases, the intent of the
> parties as expressed in the agreement
> controls, and the agreement is treated as a
> contract and construed in the same manner as
> all contracts.

White v. White, ___ Va. ___, ___, ___ S.E.2d ___, ___ (January 8,
1999) (citations omitted).

The trial judge determined that the agreement was

- 4 -

unambiguous and construed its terms.  In their briefs, the parties agree that the agreement is not ambiguous.  However, the parties disagree as to the meaning of the words in the agreement.  See Douglas v. Hammett, 28 Va. App. 517, 523, 507 S.E.2d 98, 101 (1998) (noting that although the parties may "advance different interpretations of the provisions of . . . [the] agreement, this 'does not necessarily imply the existence of ambiguity where there otherwise is none'").

In our review, "we are not bound by the trial [judge's] conclusions as to the construction of the disputed provisions." Smith v. Smith, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986).  "'The guiding light in the construction of a contract is the intention of the parties as expressed by them in the words they have used, and [we] are bound to say that the parties intended what the written instrument plainly declares.'"  Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984) (citation omitted).

The trial judge determined that the parties intended to relieve the husband of the obligation to pay spousal support for only so long as the wife earns $20,000 or more in gross annual income.  However, the agreement does not contain any language that suggests that the husband's obligation, once suspended, can be reinstated.  The agreement provides that when "the wife under [the specified] circumstances does obtain employment grossing . . . at least $20,000 a year, the husband shall then have no

obligation to pay spousal support to the wife."  Nothing in that provision or in any other provision of the agreement suggests that the husband must resume spousal support payments if the wife's annual income drops below $20,000 in the future.

The evidence proved that the circumstances specified in the agreement occurred and that the wife "[did] obtain employment grossing at least $20,000.00 a year."  The agreement explicitly states that "the husband shall then have no obligation to pay spousal support to the wife."  Clearly, the word "then" refers to the occurrence of the specific income level that the wife has "obtain[ed]."  The agreement does not provide for a future review of the wife's income status.  It also contains no language indicating that the husband is to be conditionally relieved of his obligation to pay spousal support.  We find nothing in the agreement that suggests the spousal support payments, once ended, would ever resume.  See Bergman v. Bergman, 25 Va. App. 204, 214, 487 S.E.2d 264, 269 (1997) (absent other qualifying language, the use of the term "shall cease" in a property settlement agreement proviso regarding spousal support does not mean "temporarily suspend").

Our function is "'to construe the contract made by the parties, not to make a contract for them.'"  Id. at 211, 487 S.E.2d at 268 (citation omitted).  To read the agreement, as suggested by the wife, to provide for a temporary suspension of payments for so long as the wife is earning in excess of $20,000,

would be to make a new contract.  That we cannot do.

IV.

By cross-appeal, the wife contends that the trial judge erred in refusing to admit evidence concerning her allegation that the husband breached the agreement by failing to pay certain marital debts.  We find no error.

This proceeding began when the husband filed a motion to terminate spousal support in accordance with the spousal support provision of the agreement.  The wife alleged in her pleadings that the refused evidence proved a change in circumstances.  The trial judge's ruling that evidence of events occurring six to nine years earlier was irrelevant to the spousal support issue was not an abuse of discretion.  The wife's evidence of "a change in circumstance" was not germane to the specific issue whether the wife's salary had reached the level specified in the agreement.  The trial judge's ruling was within his "broad discretion to determine the admissibility of evidence."  Piatt v. Piatt, 27 Va. App. 426, 435, 499 S.E.2d 567, 571 (1998).

Furthermore, the record indicates that the wife raised the issue of breach of the agreement and failure to pay the marital debts as a predicate "for an Order holding [the husband] in Contempt of Court for his failure to comply with the terms and conditions of the . . . written agreement and the Final Decree."  The record does not indicate that the wife pursued her contempt claim in the circuit court.  Thus, that matter is not on appeal.

Accordingly, we have no occasion to address any ruling concerning the contempt issue.

                                    V.

The wife also contends that the trial judge erred in not awarding her attorney's fees and costs for the hearing in the circuit court.  The rule is well established and long standing that whether to make an award of attorney's fees is within the trial judge's discretion.  See Wilkerson v. Wilkerson, 214 Va. 395, 398, 200 S.E.2d 581, 584 (1973).  The record fails to establish a basis upon which we could conclude that the trial judge abused his discretion.

For these reasons, we reverse the trial judge's ruling that the husband's spousal support payments may be reinstated in the future.  In addition, we affirm the trial judge's rulings barring the evidence and denying an award of attorney's fees and costs.

                                 Reversed in part and
                                 affirmed in part.