## Richmond

BARBARA SUSAN GRAY

V.

JEFFREY L. GRAY

Record No. 831963.

January 18, 1985.

Present: All the Justices.

*George F. Tidey (Tidey & Boice,* on briefs), for appellant.
*Donna J. Katos (Bremner, Baber & Janus,* on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

This is an appeal from a decree denying the request of Barbara Susan Gray (mother or wife) to remove her two minor children from the Commonwealth of Virginia to the State of Arizona. By an assignment of cross-error, Jeffrey L. Gray (father or husband)

contends that the court abused its discretion in awarding his wife a lump sum payment in addition to periodic spousal support.

The mother was granted custody of the parties' two children, then ages nine and eleven, and the father was allowed reasonable visitation with the children. When the mother requested that the court permit the children to move with her from Virginia to Arizona, the father objected.

The court conducted an *ore tenus* hearing and found "that it would be in the best interest of the [mother] and the children to be allowed to return to Arizona." The chancellor further concluded, nonetheless, that he did not "believe that the law permits [him] to authorize this in light of *Carpenter* v. *Carpenter*," 220 Va. 299, 257 S.E.2d 845 (1979). Consequently, the court enjoined the mother from removing the children from Virginia.

In *Carpenter*, the mother wished to move her two minor children from Norfolk, Virginia, to New York City. Like the present case, the mother had been awarded custody of the children and the father granted visitation. When the father objected to the proposed removal of the children from the State, the trial court conducted an *ore tenus* hearing. The sole issue before the court was "whether the [mother's] proposed move to New York would serve the best interest of the children." *Id.* at 300, 257 S.E.2d at 846. After considering all factors, the court concluded that "the best interest of the children would not be served by moving them to New York," *id.* at 302, 257 S.E.2d at 848, and denied the mother's request.

We noted in *Carpenter* that the only issue on appeal was whether the trial court abused its discretion in refusing the mother's request. *Id.* at 300, 257 S.E.2d at 846. Because the court's ruling was not plainly wrong or without evidence to support it, we found no abuse of discretion and affirmed its judgment. *Id.* at 303, 257 S.E.2d at 848.

In the present case, the trial court found that it would be in the children's best interest to allow them to move to Arizona, and the father has not challenged this finding by assigning cross-error. The court erred, however, in ruling that *Carpenter* precluded it from permitting the children to be removed from the Commonwealth, even though to do so was in the children's best interest. *Carpenter* merely holds that before a court permits a custodial parent to remove children from the Commonwealth, it must determine that removal is in the children's best interest. Here, having

found that removal was in the children's best interest, the court erred in denying the mother's request.

Next, we consider the husband's assignment of cross-error by which he claims the court erred in awarding the wife a $10,000 lump sum, payable in four equal annual installments, in addition to $600 of monthly periodic spousal support. (The husband also was required to pay $700 per month child support.) Code § 20-107,* in effect when the case was tried, provided in pertinent part:

> In addition to or in lieu of periodic payments for maintenance and support of a spouse, the court may, in its discretion, award a lump sum payment, based upon consideration of the property interests of the parties except those acquired by gift or inheritance during the marriage.

The court also heard the evidence relating to this issue *ore tenus*. Upon review, we consider the evidence in the light most favorable to the wife, the prevailing party. The evidence revealed a 14-year marriage, with the husband the primary financial provider and the wife in the role of homemaker. During their marriage, the parties had established a comfortable standard of living. When the case was decided, the husband's gross annual income was $47,000, compared to the wife's approximately $6,200 gross income. The annual expenses of the wife and children exceeded the wife's annual net earnings, net spousal support, and child support by approximately $4,000.

Where, as here, a court hears evidence *ore tenus*, its findings are entitled to the weight of a jury verdict, and they will not be disturbed on appeal unless plainly wrong or without evidence to support them. *Lapidus* v. *Lapidus*, 226 Va. 575, 580, 311 S.E.2d 786, 789 (1984). Former Code § 20-107 empowered a trial court, "in its discretion," to award a lump sum payment "based upon consideration of the property interests of the parties."

It is apparent from the record that the court considered the parties' property interests before awarding the lump sum to the wife. Moreover, nothing in the record suggests that the court abused its discretion in making this award. Because the ruling is not plainly wrong or without evidence to support it, it will be affirmed.

---

*Effective July 1, 1982, § 20-107 was repealed; § 20-107.1, relating to spousal support, and § 20-107.3, pertaining to equitable distribution of property, became operative on that date.

Thus, we will reverse that portion of the decree prohibiting the mother from removing the children to Arizona, affirm the portion awarding the wife the lump sum payment, and enter final judgment.

*Reversed in part,
affirmed in part,
and final judgment.*