## CIRCUIT COURT OF FAIRFAX COUNTY

Thomas F. Forsythe

   v.

Creeda J. Forsythe

September 27, 1996

Case No. (Chancery) 133882

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes on a Rule to Show Cause issued at the defendant's request against the complainant and the complainant's Petition to Dismiss the Rule to Show Cause and to Terminate or Modify Spousal Support. Following a hearing on September 10, 1996, I took the matters under advisement to consider the evidence presented, the argument of counsel, and the applicable law.

The parties were divorced on June 20, 1994, following a marriage of twenty-nine years. A Settlement Agreement dated January 27, 1994, was incorporated into the final decree. The Settlement Agreement fixed Mr. Forsythe's initial spousal support obligation to Mrs. Forsythe at $4,000 per month, subject to an annual review and adjustment on May 1 of each year, beginning in 1995. At each annual review, Mr. Forsythe's monthly spousal support obligation would be adjusted so as to be 30% of (one-twelfth of) Mr. Forsythe's total gross income for the then-preceding calendar year, less 50% of (one-twelfth of) Mrs. Forsythe's total gross income for that same period. The parties further agreed that "gross income" would be as that term is defined in § 20-108.2(C) of the Code of Virginia.

At the first annual review and adjustment by the parties on May 1, 1995, Mr. and Mrs. Forsythe could not agree on the amount of spousal support due under the formula. Mrs. Forsythe in oral argument claimed that Mr. Forsythe underpaid spousal support for the year beginning May 1, 1995. But no such allegation is found in her Rule to Show Cause. Mr. Forsythe claims that he overpaid spousal support for that year and, as part of his motion, seeks

reimbursement or credit for that overpayment. At the annual review and adjustment on May 1, 1996, the parties once again could not agree on the amount of spousal support due under the formula. At that time Mr. Forsythe took the position that $1,997 per month was due, and he paid that amount for the month of May, 1996. Mrs. Forsythe alleged then and asserts now that $4,212 per month was due, and she sought and obtained the Rule to Show Cause based on that calculation. In June, 1996, Mr. Forsythe instead began paying $4,000 per month and paid an additional $2,003 for the month of May, 1996, to bring his total payment for the month of May to $4,000. He has continued to pay $4,000 per month in support since that date. He stated that he has done so on the advice of counsel, who construes the Settlement Agreement as requiring a payment of $4,000 per month until the parties agree on or the Court orders another amount.

In support of his Petition, Mr. Forsythe relies on an increase in Mrs. Forsythe's income and a decrease in and an anticipated end to his income. For the calendar year 1994, Mr. Forsythe's W-2 income exceeded $230,000. Mr. Forsythe's income for 1995 dropped by tens of thousands of dollars from the preceding year. In 1996, his income dropped again. More significantly, Mr. Forsythe was advised in early 1996 that he was being terminated from his employment with Mobil Oil Company. That termination was due to a reduction in force by Mobil, not because of poor performance by Mr. Forsythe. As a result of that termination, he is receiving a severance package from Mobil that pays him at the annual rate of $161,000 per year ($13,725 per month) through January, 1998, and about $10,000 in a final payment for February, 1998. Under the severance plan, Mr. Forsythe's income from Mobil terminates in February, 1998.

Mrs. Forsythe's W-2 income for 1994 was $3,591. During 1995, working approximately three days per week, her W-2 gross income was $21,302. In 1996, she has been working about five days per week and is presently earning about $25,000 to $30,000 per year.

The following issues disputed by the parties must be resolved to determine their respective liabilities to each other. First, are stock options exercised by and bonuses paid to Mr. Forsythe income to him under the Settlement Agreement? Second, are monies inherited by Mrs. Forsythe in 1995 income to her under the Settlement Agreement? Third, is Mr. Forsythe in contempt of this Court's Final Decree based on his spousal support payments following May 1, 1996? Finally, is there any basis in law or under the terms of the Settlement Agreement to modify or terminate Mr. Forsythe's spousal support obligation?

I find that stock options exercised or paid out and bonuses paid to Mr. Forsythe are clearly part of his income under the Settlement Agreement. Under the Settlement Agreement, "'gross income' is hereby defined as in § 20-108.2(C) of the 1950 Code of Virginia, as amended," excluding certain funds not at issue here. Section 20-108.2(C) provides that:

> "Gross income" shall mean all income from all sources and shall include, but not be limited to, income from salaries, wages, commissions, royalties, bonuses, dividends, severance pay, pensions, interests, trust income, annuities, capital gains, social security benefits except as listed below, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, veterans' benefits, spousal support, rental income, gifts, prizes or awards ... . "Gross income" shall not include benefits from public assistance programs as defined in § 63.1-87, federal supplemental security income benefits, or child support received.

Stock options exercised or paid out and bonuses received are clearly gross income under the statute. Mr. Forsythe's argument to the contrary has absolutely no merit.

Whether Mrs. Forsythe's inheritance is income is a more difficult question. Mrs. Forsythe received approximately $37,000 in an inheritance during calendar year 1995. For the decision that follows, I assume the inheritance was in the form of cash or similarly liquid funds. Both parties agree that income from her investment of that inheritance after she received it is gross income under the Settlement Agreement. Mr. Forsythe also asserts that the inheritance itself should be considered income to Mrs. Forsythe under the Settlement Agreement for the calendar year 1995. Mrs. Forsythe disagrees, terming the inheritance an "asset transfer," not income.

This is an issue of first impression in Virginia. The parties chose to define gross income for calculation for spousal support as that term is defined in § 20-108.2(C) of the Code of Virginia. That statute defines gross income for purposes of child support. Generally, policy considerations governing § 20-108.2 favor the inclusion of as many assets as possible as gross income for child support because that statute assumes parental generosity toward one's children. *See Conway v. Conway*, 10 Va. App. 653, 658 (1990). Indeed, in recent dicta, the Court of Appeals noted that a "one-time past event such as an inheritance or liquidation of an asset or other windfall that has already occurred will justify a prospective one-time award of [child] support." *Bennett v. Virginia, ex rel. Bennett*, 22 Va. App. 684, 696 (1996). *But see Sutherland*

*v. Sutherland*, 14 Va. App. 42 (1992) (inherited real estate is not a financial source of child support where there is no evidence of any income received from the land). The statute typically governing spousal support is not as inclusive in its consideration of "income." *See Gray v. Gray*, 228 Va. 696 (1985), construing § 20-107.1 ("in lieu of ... support of a spouse, the court may ... award a lump sum payment, based upon consideration of the property interests of the parties *except those acquired by gift or inheritance during the marriage*.") (Emphasis added.)

I find Mrs. Forsythe's inheritance to be gross income under § 20-108.2(C) for the calendar year 1995. "Gross income" could not be more broadly defined under the statute, and the public policy behind that statute is to be as inclusive as possible. The exclusions to "gross income" under the statute are few in number and limited in scope. An inheritance is a gift, albeit testamentary in nature. Gifts are clearly gross income under the statute. Admittedly, only trust *income* is considered gross income under the statute, suggesting that trust *principal* is not gross income. But a trust principal cannot be reached by a party in unfettered fashion, while an inheritance (once received) can be enjoyed without limitation.

I order that the parties recalculate Mr. Forsythe's spousal support obligation for May, 1996 to April, 1997 based on the above rulings. That amount may be as reflected on Defendant's Exhibit 4 with the additional consideration of Mrs. Forsythe's inheritance. If that inheritance was $37,298 (as suggested on Complainant's Exhibit 10), the spousal support amount would appear to be:

| | |
|---|---:|
| Total income of Tom | $215,846 |
| Total income of Creeda | 65,706 |
| One-twelfth of 30% of Tom's income | 5,396 |
| One-twelfth of 50% of Creeda's income | (2,737) |
| | |
| Recalculated Support | $ 2,659 |

Because it was not raised in the Rule to Show Cause, I make no finding of support arrearage of Mr. Forsythe for the period May, 1995, to April, 1996. But I order that the parties recalculate support for that period as well based on the above rulings. If an arrearage exists, it shall be offset by any overpayment Mr. Forsythe has made since May, 1996. If the parties cannot calculate the May, 1995, to April, 1996, obligation based on the above rulings, Mrs. Forsythe shall file a motion and present further testimony before me on October 18, 1996. After offsetting any overpayment and underpayment

between May, 1995, and the present, either party owing monies to the other shall pay them within thirty days.

Regarding Mr. Forsythe's Motion to Modify or Terminate Spousal Support, a modification of spousal support may be ordered when there has been a material change of circumstances of the parties such as to warrant an alteration of support. *Schoenwetter v. Schoenwetter*, 8 Va. App. 601, 605 (1989). In addition, in Paragraph 5(c) of the Settlement Agreement, the parties reserved to the Court the right to modify spousal support on the motion of either party "for (significant) 'material changed circumstances'." The stated purpose of that reservation of power to the Court was "to provide for 'emergencies,' unforeseen circumstances, etc." I find that under both the law governing modification of spousal support and the terms of the Settlement Agreement, no modification is in order.

Mr. Forsythe has a guaranteed income through January, 1998, of $161,000 per year and income at a slightly reduced rate for February, 1998. Admittedly, his present income is only two-thirds of his annual income at the time the Settlement Agreement was made, and Mrs. Forsythe's gross income has grown from $3,500 to about $25,000 to $30,000. While these changes are indeed material, they do not warrant a departure from the contractual obligations of the parties under the Settlement Agreement. Indeed, the Settlement Agreement anticipates changes in the parties' incomes by establishing a formula that ties child support specifically to those changes. Emergencies, unforeseen circumstances, and material changes in circumstances warranting support modification can only arise when those circumstances are such as were not foreseen and addressed by the parties.

It is true, as Mr. Forsythe laments, that his spousal support obligation between May, 1996, and April, 1997, is based on a level of income that he received between May, 1995, and April, 1996, and no longer receives. But simply put, that is what the parties agreed to do. Indeed, should Mr. Forsythe's income increase from one year to the next, he will pay spousal support during a particular annual period that is based on a lower income than he is actually receiving during that period. That the parties contracted to base the spousal support for a given annual period on the preceding year's income may inure to the benefit of one or the other spouse in any given period. But that is no reason to alter their contract.

Mr. Forsythe further asserts that Mrs. Forsythe received a half-million dollars in assets as a result of the parties' divorce and that she is not in need of the level of spousal support that she is receiving. It is true that Mrs. Forsythe received those assets as part of the divorce. But the parties knew that fact when they made the Settlement Agreement and fixed the spousal support obligation.

That Mrs. Forsythe has enough assets as a result of the divorce to live comfortably without support is no material change in circumstances.

Mr. Forsythe claims that his severance from Mobil constitutes a retirement and that Paragraph 10(b) of the Settlement Agreement allows him to modify his spousal support as a result. Even if he "retired," he misconstrues that section. Paragraph 10(b) of the Settlement Agreement is a temporary "stop-gap" provision that by its terms may entitle Mrs. Forsythe to additional spousal support under certain circumstances relating to Mr. Forsythe's retirement. But it does not enable Mr. Forsythe to change his obligation.

For the same reasons that no modification or termination of spousal support is warranted under the terms of the Settlement Agreement, it is not warranted under the case law governing such modification. I make no ruling on whether a modification or termination of spousal support would be warranted when and if Mr. Forsythe's income ends completely, as such a ruling would be premature.

Mr. Forsythe's Petition is granted in part and denied in part. His motion to dismiss the Rule to Show Cause is granted. His motion to terminate or modify spousal support is denied. His motion for reimbursement of overpayments for May, 1995, to April, 1996, is denied. I also deny Mrs. Forsythe's motion for attorney's fees.