COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Willis and Fitzpatrick
Argued at Alexandria, Virginia


PATRICIA PAVEL
                                    MEMORANDUM OPINION* BY
v.         Record No. 1343-96-4    JUDGE JERE M. H. WILLIS, JR.
                                         FEBRUARY 11, 1997
THOMAS F. PAVEL


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                 Robert W. Wooldridge, Jr., Judge

            Mark B. Sandground, Sr.; Timothy S. Bird
            (Sandground, Barondess, West & New, P.C., on
            brief), for appellant.

            William B. Reichhardt (M. Lee Anne
            Washington; Surovell, Jackson, Colten &
            Dugan, P.C., on brief), for appellee.


        On appeal from an order enjoining her from moving with her

children to Buffalo, New York, Patricia Pavel contends that the

trial court erred in granting the injunction.  We find no error

and affirm the judgment of the trial court.

        Patricia and Thomas Pavel were married on October 11, 1986.

 They have three daughters, born in March, 1989, May, 1990 and

May, 1994.  They separated in August, 1994.  A final decree of

divorce was entered on May 28, 1996 on the ground of Mr. Pavel's

adultery.  In October, 1995, the parties agreed that Mrs. Pavel

should have sole physical and legal custody of the children.  Mr.

Pavel was to enjoy liberal visitation rights.  A custody order

reflecting this agreement was entered by the trial court on

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

December 1, 1995.

On March 12, 1996, Mrs. Pavel notified Mr. Pavel that she intended to relocate to Buffalo, New York with the children. Mrs. Pavel gave two reasons for moving:  a lower cost of living, and emotional support from friends and family there.  Mr. Pavel moved to prohibit the move, and, alternatively, sought primary physical custody of the children.  Following an ore tenus hearing, the chancellor enjoined Mrs. Pavel from moving the children to Buffalo.

> It is well settled law that a court may forbid a custodial parent from removing a child from the state without the court's permission, Carpenter v. Carpenter, 220 Va. 299, 302, 257 S.E.2d 845, 847 (1979), or it may permit the child to be removed from the state. Gray v. Gray, 228 Va. 696, 698-99, 324 S.E.2d 677, 678 (1985); Simmons v. Simmons, 1 Va. App. 358, 364, 339 S.E.2d 198, 201 (1986).  In making such a determination, the court determines whether the relocation would be in the child's best interest. Scinaldi v. Scinaldi, 2 Va. App. 571, 573, 347 S.E.2d 149, 150 (1986).

Hughes v. Gentry, 18 Va. App. 318, 322, 443 S.E.2d 448, 451 (1994).

When the chancellor's decision is based upon an ore tenus hearing, it is entitled to great weight and will not be disturbed on appeal unless it is plainly wrong or without evidence to support it.  Simmons, 1 Va. App. at 361, 339 S.E.2d at 199. Therefore, in this appeal we must examine the record to ascertain whether the trial court's decision, based upon its determination of the best interests of the children, is plainly wrong or

without evidence to support it.

Mrs. Pavel argues that allowing her to move her daughters to Buffalo would be in the children's best interest.  She notes that Buffalo has a lower cost of living than northern Virginia and that she has family and friends in Buffalo.  She argues that her children would share in her increased emotional strength, which would result from her greater financial stability and her proximity to family members.

The trial court acknowledged Mrs. Pavel's wish to relocate and stated that:

> There is no doubt that it is in Mrs. Pavel's best interest to move to the Buffalo area. It is more affordable to live there.  She desires the support of her family.  She understandably wants to leave behind her recent memories of this area.  To some extent those motivations translate into benefits for the children.  More tangible things might be affordable.  They could be part of an even closer family network.  Having a happier mother would make the children's lives easier.
>
> But these benefits must be weighed against the single, important detriment to such a move: the reduction, if not loss, of a significant relationship with their father.

The trial court found that Mr. Pavel would be able to maintain "some relationship" with his children if they moved to Buffalo and that "[t]he financial cost of doing so would be inconsequential relative to its importance and his financial resources."  Yet, in deciding whether to permit or prohibit the custodial parent from moving to another state, a court must be

concerned not so much with the relative costs and benefits that would inure to either parent as with the best interests of the child.

Mrs. Pavel argues that in determining the children's best interests, we should selectively disregard the testimony of Dr. Zuckerman, a clinical psychologist and the children's therapist, and the trial court's reliance upon his professional expertise. In support of this argument, Mrs. Pavel relies upon Scinaldi v. Scinaldi, 2 Va. App. 571, 347 S.E.2d 149 (1986).

In Scinaldi, we reversed the trial court's decision to enjoin the custodial parent from moving to New York. We concluded that the trial court's findings failed to address the best interests of the children, focusing instead upon the custodial parent's motivations for moving, the non-custodial parent's devotion to his children, and the inherent difficulty in maintaining a long distance relationship. We discounted the testimony of a social worker who had seen the children on but one occasion and had concluded that they would benefit from receiving "maximum time" with both parents. The social worker did not "suggest that 'maximum time' with the children could not be accomplished through extended visitation instead of requiring that they live in the same community as the father." Id. at 576, 347 S.E.2d at 152.

Beyond the facially similar factual situations present in this case and Scinaldi, the two cases are distinguishable. In

contrast to the trial court in Scinaldi, the chancellor in this case stated that: "the test of whether Mrs. Pavel and the children should be allowed to move to Buffalo is not whether Mrs. Pavel's reasons for doing so are valid . . . [r]ather, the test is whether it is in the best interest of her children that they move." Viewing the record in this correct context, we conclude that the trial court's decision was not plainly wrong or without evidence to support it.

Dr. Zuckerman testified that the children are presently better served by frequent contacts with Mr. Pavel of short duration, rather than by infrequent contacts of longer duration. While Dr. Zuckerman did not have extensive contact with Mr. Pavel in the months leading up to the hearing, his opinions were premised upon numerous therapy sessions with the children, his relationships with Mr. and Mrs. Pavel, and his professional judgment. Due to the children's relatively young ages, the trial court found that they need frequent contact with Mr. Pavel in order to both develop and sustain a relationship with him. The chancellor determined that any relationship that the children would have with their father in Buffalo would be "qualitatively inferior to the relationship they could develop [if they lived] close by," and declined to jeopardize the children's newly-found stability and adjustment to their parents' divorce. While stating that "Mr. Pavel has been very far from a model father (or husband)," the trial court concluded that the children's best

interests required that they have a close relationship with their father.

Because the evidence supports the trial court's finding that the benefits of a good relationship between Mr. Pavel and his children cannot be accomplished adequately if Mrs. Pavel moves to New York at the present time, the trial court did not abuse its discretion in denying Mrs. Pavel the right to choose where she and her children would reside.  See id. at 575, 347 S.E.2d at 151.  Accordingly, we affirm the judgment of the trial court.

Affirmed.