COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Willis and Bumgardner
Argued at Salem, Virginia


WILLIAM SESSOMS

MEMORANDUM OPINION[*] BY
v.    Record No. 1227-98-2        JUDGE RUDOLPH BUMGARDNER, III
                                         MAY 25, 1999
BARBARA ELIZABETH MYER


FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Jay T. Swett, Judge

Annie Lee Jacobs (Tracey C. Hopper; Parker,
McElwain & Jacobs, P.C., on briefs), for
appellant.

Patricia M. Brady for appellee.

William Sessoms appeals a final decree of divorce awarding

Barbara Elizabeth Myer physical custody of their daughter, child

and spousal support, and attorney's fees.  He argues that the

trial court erred (1) in authorizing the wife to petition for a

custody review without needing to prove a change in

circumstances; (2) by ordering visitation not in accordance with

the recommendation of his experts; (3) in failing to impute

income to the wife; (4) in ruling that wife had a need for

support and attorney's fees; and (5) in calculating child and

spousal support.  She appeals the decisions (6) directing her to

reside in the Charlottesville-Albemarle area for at least three

--------
*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

years and (7) admitting certain expert testimony not revealed during discovery.  We conclude that the trial court erred in authorizing the wife to petition for review without having to show a change of circumstances, in limiting the custody order to three years, and in calculating the support.  We conclude the trial court did not err on the other issues.

The wife left her job in California where she earned $31,200 as a television production assistant and moved to Charlottesville where the parties married in 1994.  The wife had various lower paying jobs ranging from temporary secretarial work to creative writing, but she never worked full-time after their daughter was born in June 1996.  The couple had serious marital problems before the birth of their daughter, but in January 1997 without any notice to her husband, the wife filed for divorce, took their child, and left for Colorado.  She had never lived there, but most of her family was living there.  She resided with her father and was able to get a job from her sister that allowed her to keep her daughter with her while she worked.

Both parties wanted custody.  The husband stressed that it was very important that both parents have frequent and regular contact with their child and that it was in her best interest to see both parents on a reasonably frequent basis.  He wanted to visit her during the week and to have overnight visitation

during the week and every other weekend.  The wife wanted to live in Colorado, work, and raise her daughter there.

The wife returned to Virginia for a <u>pendente</u> <u>lite</u> hearing in February 1997.  The trial court awarded the parties joint legal custody, gave the wife physical custody, but ordered her to remain in the Charlottesville area.  The husband was awarded visitation for several hours, five days a week and every other weekend.  In August 1997, the court increased husband's visitation by several hours each week.

The trial was held January 22, 1998 on all matters of custody, visitation, child support, spousal support, and attorney's fees.  The parties settled the equitable distribution issues.  After hearing extensive evidence including five experts, the trial court awarded physical custody to the wife provided she remained in the Charlottesville area.  It limited the restriction to three years and ruled that the wife could petition for a change in the custody order without showing a material change in circumstances.[1]

---

[1]The trial court stated:

> that primary physical custody shall be with
> the mother, providing she resides in the
> Charlottesville/Albemarle area; this
> restriction is to be in place for a period
> of three years. After that time, if the
> parties cannot reach an agreement as to
> where Ms. Myer resides, Ms. Myer shall be
> able to return to this Court to seek a
> review of this Court's ruling regarding
> change of residence without needing to prove

The husband contends the trial court erred when it allowed the wife to seek review in three years without having to establish a material change in circumstances.  The wife contends the trial court erred when it required her to reside in the Charlottesville area.  We affirm the decision of the trial court awarding physical custody to the mother and restricting her to the area.  However, we conclude that the trial court erred in limiting the custody order to three years and in authorizing the wife to petition for modification without showing a change in circumstances.

Courts are authorized to prohibit custodial parents from removing a child from the state, see Carpenter v. Carpenter, 220 Va. 299, 302, 257 S.E.2d 845, 848 (1979), or to permit such removal.  See Gray v. Gray, 228 Va. 696, 698-99, 324 S.E.2d 677, 678 (1985).  When the trial court bases its decree on the best interest of the child, it will not be reversed unless plainly wrong or without evidence to support it.  See Scinaldi v. Scinaldi, 2 Va. App. 571, 573, 347 S.E.2d 149, 150 (1986); Gray, 228 Va. at 698-99, 324 S.E.2d at 678; Carpenter, 220 Va. at 302, 257 S.E.2d at 848.

_____

a material change in circumstances, but rather, the sole issue shall be what is in the best interests of the child.

The trial court found that both parents cared deeply for the child and that neither parent wanted to keep the child from the other parent. The trial court found husband's evidence regarding the importance of a strong relationship between father and child during the early years credible and gave it great weight. Consequently, the court ruled that it was in the child's best interest during the early years "to be able to be with and see her father on a reasonably frequent basis."

The evidence supported the conclusion of the trial court that the child's relationship with the father would not be maintained at the same level if it permitted the mother to take her to Colorado. The added difficulty of maintaining a relationship between the child and the parent "should not be the sole basis for restricting a custodial parent's residence except where the benefits of the relationship cannot be substantially maintained if the child is moved away." Scinaldi, 2 Va. App. at 575, 347 S.E.2d at 151. Here, the trial court did not abuse its discretion because it was in the child's best interest to order the mother and child to stay in Virginia.

The trial court stressed that it based its decision on custody and to restrict the mother to the area "primarily due to the young age of the child." While it may be inevitable that circumstances will change in three years as the child reaches school age, the court cannot make that determination prospectively. It must first find a material change of

circumstances before it modifies a custody decree.  See Bostick
v. Bostick-Bennett, 23 Va. App. 527, 536, 478 S.E.2d 319, 323
(1996) (increased certainty regarding custodial parent's
impending move is not a change in circumstances); Turner v.
Turner, 3 Va. App. 31, 36, 348 S.E.2d 21, 23-24 (1986) (the
"paramount concern [is] the best interests of the child at a
given point in time, recognizing that it may become appropriate
to make a change in the future").  A custody decision is res
judicata of the issue unless there is a material change of
circumstances.  See Hiner v. Hadeed, 15 Va. App. 575, 580, 425
S.E.2d 811, 814 (1993).  We conclude that the trial court erred
by limiting the duration of the custody order, and we reverse
the decision to prospectively limit its restriction on the
wife's residence to three years.

Similarly, we conclude that the trial court erred when it
relieved the wife of the burden of proving a change in
circumstances when she petitioned for review of the custody
decision.  When modifying a decree that denied permission to
remove a child from the state, the trial court applies a
two-part test:  a material change in circumstances since the
last custody award, and a determination that relocation is in
the child's best interest.  See Keel v. Keel, 225 Va. 606, 611,
303 S.E.2d 917, 921 (1983); Parish v. Spaulding, 26 Va. App.
566, 573, 496 S.E.2d 91, 94 (1998), aff'd, 257 Va. 357, ___
S.E.2d ___ (1999); Bostick, 23 Va. App. at 535, 478 S.E.2d at

523. Here, the trial court lacked authority to alter the two-part Keel test. A petition for modification of a custody decree must include a showing of a change in circumstances.

The husband next assigns as error the refusal of the trial court to follow the experts' recommendation regarding visitation. "[T]he best interests of the child are paramount" in determining visitation of a non-custodial parent. Wilson v. Wilson, 12 Va. App. 1251, 1254, 408 S.E.2d 576, 578 (1991) (citation omitted). Determination of visitation rights is a matter of judicial discretion. See Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 11 (1986). When the trial court considers all the factors outlined in Code § 20-124.3, "it is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)). "It is well established that the trier of fact ascertains [an expert] witness' credibility, determines the weight to be given their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc) (citation omitted).

While it may be ideal for a child to have daily contact with both parents, this is not always practical when the parties are divorced. The trial court considered all relevant factors,

carefully weighed the extensive evidence from four experts, and attempted to establish a stable routine for the child.  It gave the father liberal visitation rights.  Though it did not grant visitation every day, the father received weekend overnight visitation, frequent visitation during the week, and some overnight visitation during the week.  The trial court acted within its discretion when it declined to follow the precise recommendations of the husband's experts.  It was not required to adopt totally the views of expert witnesses, and the evidence supported the visitation schedule established by the trial court.

The husband argues that the trial court erred in refusing to impute income to the wife when determining both spousal and child support.  Code §§ 20-107.1(1) and 20-108.1 set forth the factors that the trial court is to consider in making spousal and child support determinations.  Support decisions rest within the sound discretion of the trial court and will not be reversed unless plainly wrong or unsupported by the evidence.  See Bennett v. Dep't of Social Servs., Div. of Child Support Enforcement, 22 Va. App. 684, 691, 472 S.E.2d 668, 672 (1996); Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994).

We view the evidence in the light most favorable to the wife, the prevailing party below.  See Cook v. Cook, 18 Va. App. 726, 731, 446 S.E.2d 894, 896 (1994).  The evidence established

that the mother's last full-time job was in 1994 when she earned an annual income of $31,200 in California as a television production assistant.  The husband's vocational expert testified that the wife could earn $30,000 to $40,000 based on her resume and the opportunities available in the Charlottesville area. This expert, however, identified no jobs actually available to the wife.  The wife testified that she unsuccessfully sought employment upon moving to the area but had only worked intermittently since then.  She testified there were no jobs available in her field of television production.  Except for minimum-wage jobs, the evidence of job availability and pay was conflicting.  The wife did not feel it practical to earn minimum wage and pay for day care when she could personally care for the young child herself.  The husband testified that he did not "particularly like the option of day care . . . ."

The trial court did not abuse its discretion in refusing to impute income to the wife.  See Saleem v. Saleem, 26 Va. App. 384, 494 S.E.2d 883 (1998) (no error in refusing to impute where custodial parent was asked to resign her prior employment); Bennett, 22 Va. App. at 691-92, 472 S.E.2d at 672 (no error where age of child and circumstances did not permit custodial parent to be gainfully employed); Theismann v. Theismann, 22 Va. App. 557, 573, 471 S.E.2d 809, 816-17 (1996).  Not being permitted to return to Colorado limited the employment and earning potential of the wife while the child was very young.

Both parties emphasized the importance to them of both the father and mother having close contact during the early development of their daughter.  Given the age of the child, the wife's role as a full-time mother before the separation, and the limitation placed on her so the child could enjoy a substantial relationship with both parents, the trial court did not abuse its discretion in refusing to impute income to the wife.  See Brody v. Brody, 16 Va. App. 647, 651, 432 S.E.2d 20, 23 (1993) (need evidence of recent past earnings).  She was entitled to continue the lifestyle to which she was accustomed during the marriage.  See Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990).

The husband next contends that the trial court erred in awarding the wife spousal support and attorney's fees and in ordering him to pay more than his ability to pay.  The trial court ordered the husband to pay $850 in spousal support and $680 in child support.  He contends that the trial court erred in finding he had the ability to pay.  We disagree.

Evidence was presented on all statutory factors, including the parties' agreed upon equitable distribution payments and the duration of the marriage.  In addition to his salary of $63,000, the husband had equity in his home, a retirement plan, and $14,000 in an IRA account.  The wife had spent her IRA and was $4,500 in debt.  The parties were not financially equal.  The wife made a financial and career sacrifice in moving to

Charlottesville.  It was a proper exercise of discretion to award spousal support and attorney's fees.  The award of spousal support and attorney's fees is within the sound discretion of the trial court and will not be reversed on appeal unless injustice results.  See Brooks v. Brooks, 27 Va. App. 314, 498 S.E.2d 461 (1998); Lightburn v. Lightburn, 22 Va. App. 612, 620, 472 S.E.2d 281, 285 (1996) (wife's sacrifice in moving is appropriate consideration for spousal support determination).

The wife concedes that the trial court erred in failing to account for the spousal support award before calculating child support.  See Code § 20-108.2(G)(1); Frazer v. Frazer, 23 Va. App. 358, 477 S.E.2d 290 (1996).  We remand this matter for reconsideration of the child support award because any deviation in the combined award is best determined by the trial court.

Finally, the wife contends that the trial court erred in permitting the husband's experts to testify because the substance of their testimony was not disclosed in a timely fashion, and the bases for their opinions were not fully disclosed.  We disagree.

The husband designated his experts on November 21, 1997, but he did not provide the details of their testimony or the bases of their opinions.  At the pretrial hearing December 11, 1997, the trial court extended the deadline for completing discovery to December 31, 1997.  On January 5, 1998, the husband provided the wife a designation of the testimony of two of the

four experts.  The trial court refused to exclude the experts

from testifying because it found the husband had substantially

complied with the discovery order.  The trial court did exclude

their testimony concerning facts or opinions not stated in the

designation.

The wife presented no evidence that she made any effort to

depose or investigate the substance of their testimony during

the period of discovery.  The trial court had the discretion to

modify the deadline for completing discovery.  The fact that the

court sua sponte extended the date for compliance with

discovery, without more, is not an abuse of discretion.  Absent

a showing of prejudice, there is no abuse of discretion with

respect to discovery issues.  See Rakes v. Fulcher, 210 Va. 542,

546, 172 S.E.2d 751, 755 (1970).

The wife requests that this Court award her attorney's fees

incurred during the appeal.  Both parties appealed from

provisions of the final decree, and both prevailed on certain

issues.  The appeals were not frivolous, and we find no other

reasons to justify ordering the husband to pay the wife's

attorney's fees incurred for this appeal.  See O'Loughlin v.

O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

The motion is denied.

For the foregoing reasons, we reverse the trial court's

order to the extent that it limited the duration of its decree

and relieved the wife of proving a change in circumstance when

petitioning for a review.  We remand for recalculation of the support award, and we affirm all other rulings.

<u>Affirmed in part, reversed and remanded in part, reversed and final judgment in part.</u>