COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bumgardner and Clements
Argued at Richmond, Virginia


LAURA T. PRICE
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 3266-01-2      JUDGE JEAN HARRISON CLEMENTS
                                        OCTOBER 22, 2002
LEON S. PRICE

            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Randall G. Johnson, Judge

            John M. Holloway, III (Kristina E. Beard;
            Angela L. Jenkins; Pamela Russell; Hunton &
            Williams, on brief), for appellant.

            No brief or argument for appellee.


     Laura T. Price (wife) appeals from an order denying her

request to have the final decree of divorce dissolving her

marriage to Leon S. Price (husband) set aside.  On appeal, wife

contends the trial court erred (1) in rejecting her claim that the

written waiver of notice and service of process she signed in the

divorce action was procured by fraud or duress, (2) in upholding

the divorce decree despite finding the divorce had been granted to

husband on the basis of his perjured testimony, and (3) in

refusing to permit wife to amend her pleadings to request

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

attorney's fees.[1]  In addition, wife seeks an award of appellate attorney's fees.  Finding no error, we affirm the judgment of the trial court and deny wife's request for appellate attorney's fees.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.  "We view the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to husband, the party prevailing below."  Walson v. Walson, 37 Va. App. 208, 211, 556 S.E.2d 53, 54 (2001).

I.

Wife first contends the trial court erred in finding, despite her uncontradicted, unimpeached testimony to the contrary, that the written waiver of notice and service of process she signed in the divorce action was not procured by fraud or duress.  We disagree.

The evidence established that, on September 20, 2000, a week after husband filed his bill of complaint for divorce, wife signed, under oath, a one-page waiver that was in the form of a pleading, with the caption of the divorce action at the top. According to the terms of the notarized waiver, wife waived

---

[1] For purposes of this appeal, we have, in identifying the issues to be considered, consolidated some of wife's interrelated questions presented.

-

"further notice of entry of the taking of depositions, and the entry of decrees [in the case], and of the service of process of the Bill of Complaint," as well as "the time limits imposed for the taking of depositions to be used as evidence in the [case], and the twenty-one day time period allowed for the filing of an answer and cross-bill."

At the evidentiary hearing on wife's request to have the decree of divorce set aside, wife testified regarding several instances during the latter part of the marriage in which she had been a victim of husband's violence and abuse. She obtained, she testified, two permanent protective orders against husband and two warrants charging him with assault and battery.

Wife also testified she and husband had been in court on several occasions regarding the issues of custody, visitation, and child and spousal support. According to wife, she was represented by an attorney in the visitation proceeding.

Wife further testified that, when husband brought the waiver for her to sign, he told her "it was a paper he needed her to sign so that he could talk to an attorney about a divorce." She testified that, although she was suspicious of his actions, she did not know or understand what the document was. She did not, she testified, "recognize the document as a pleading in an action filed with the court." She refused to sign the waiver at first, she testified, but then husband "started harassing and threatening her," showing up unexpectedly at her house and demanding she sign

-

the waiver. Finally, she testified, after he came to her house, destroyed things in the kitchen, and damaged the house, she "became so frightened that she gave him the waiver on September 20, 2000." Husband, although present, did not testify at the hearing.

"Where, as here, a court hears evidence ore tenus, its findings are entitled to the weight of a jury verdict, and they will not be disturbed on appeal unless plainly wrong or without evidence to support them." Gray v. Gray, 228 Va. 696, 699, 324 S.E.2d 677, 679 (1985). Furthermore, it is well settled that "the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Anderson v. Anderson, 29 Va. App. 673, 686, 514 S.E.2d 369, 376 (1999). "This Court will not substitute its judgment for the trial court's determination . . . ." Parish v. Spaulding, 26 Va. App. 566, 575, 496 S.E.2d 91, 95 (1998).

> However, a trial court's conclusion based on evidence that is "not in material conflict" does not have this binding effect on appeal. Durrette v. Durrette, 223 Va. 328, 332, 288 S.E.2d 432, 434 (1982); Clark v. Clark, 209 Va. 390, 395, 164 S.E.2d 685, 689 (1968). The trier of fact . . . "may not arbitrarily disregard uncontradicted evidence of unimpeached witnesses which is not inherently incredible and not inconsistent with facts in

-

the record." Cheatham v. Gregory, 227 Va. 1, 4, 313 S.E.2d 135, 138 (1992).

Hankerson v. Moody, 229 Va. 270, 274, 329 S.E.2d 791, 794 (1985).

Here, the trial court rejected as incredible wife's testimony that she did not understand, in signing the waiver, what she was signing and that she signed the waiver under duress. In making that determination, the trial court stated as follows:

> With regard to Ms. Price not understanding what she was signing, the court simply does not believe her. The evidence shows that between July 1999 and March 2000, Ms. Price had sworn out at least two criminal warrants against Mr. Price, had been to juvenile court in Mecklenburg County to obtain child custody and support, and had returned to juvenile court with a lawyer to have a visitation order entered. She was well acquainted with the court system and with legal pleadings. She knew what she was signing.

> The court also does not believe that Ms. Price signed the waiver as a result of threats, force, intimidation, or duress. When Mr. Price assaulted her, she filed criminal charges. When she did not want to be harassed by Mr. Price, she had a protective order entered against him. When she felt she was entitled to child support, she initiated appropriate proceedings in juvenile court. She hired a lawyer to represent her on the question of Mr. Price's visitation with the children. She was not at all intimidated or threatened by Mr. Price. She did not sign the waiver against her will.

In other words, the trial court concluded that wife's testimony showing (1) her obvious willingness to utilize the legal system to protect her rights, (2) her considerable involvement with the legal system, and (3) her assertive responses to

-

husband's violence and abuse in the past belied her testimony that she did not know what she was doing in signing the waiver and that she signed the waiver because of husband's abuse.  We agree with the trial court's assessment that wife's testimony was inconsistent.  Accordingly, the trial court was not obliged, under these circumstances, to accept wife's uncontradicted testimony.

In addition, we cannot say, based on our review of the record, that the trial court's findings were plainly wrong or without credible evidence to support them.  Accordingly, we affirm the trial court's determination that the written waiver of notice and service of process filed in the divorce action was not procured by fraud or duress.

## II.

Wife next contends the trial court erred in refusing to set aside the final decree of divorce despite finding husband's testimony that the parties had lived separate and apart for more than a year was perjured.  Husband's perjured testimony, wife argues, constituted extrinsic fraud, thus, rendering the divorce decree void.  We disagree.

Following the hearing on wife's request to have the divorce decree set aside, the trial court found that, in testifying husband and wife had lived separate and apart since August 1999, "Mr. Price, and possibly his divorce witness, committed perjury in this court."  The trial court ruled, however, that it was unable to disturb the final decree of divorce on that basis because

-

perjured testimony constitutes intrinsic, rather than extrinsic, fraud and, once a judgment has become final, it may no longer be set aside for intrinsic fraud.

We review the trial court's legal conclusion de novo. See Rollins v. Commonwealth, 37 Va. App. 73, 79, 554 S.E.2d 99, 102 (2001). It is well established that "mere perjury or false swearing alone is not ground for equitable relief, since it is regarded as an intrinsic fraud." O'Neill v. Cole, 194 Va. 50, 56, 72 S.E.2d 382, 385 (1952). "Fraud warranting . . . equitable relief . . . must be extrinsic or collateral to the issues determined in the original suit . . . ." Rowe v. Big Sandy Coal Corp., 197 Va. 136, 143, 87 S.E.2d 763, 768 (1955). Indeed, as the Supreme Court observed in Jones v. Willard, 224 Va. 602, 607, 299 S.E.2d 504, 508 (1983):

> The judgment of a court, procured by intrinsic fraud, i.e., by perjury, forged documents, or other incidents of trial related to issues material to the judgment, is voidable by direct attack at any time before the judgment becomes final; the judgment of a court, procured by extrinsic fraud, i.e., by conduct which prevents a fair submission of the controversy to the court, is void and subject to attack, direct or collateral, at any time.

"Extrinsic fraud is fraud which occurs outside the judicial process . . . ." F.E. v. G.F.M., 35 Va. App. 648, 659, 547 S.E.2d 531, 536 (2001).

Applying these principles to the instant case, we hold that the final decree of divorce, the entry of which was based upon

-

husband's perjured testimony regarding the parties' separation, was procured by intrinsic fraud. Accordingly, we affirm the trial court's decision not to set the decree aside.

### III.

Following wife's direct testimony at the evidentiary hearing, her attorney requested leave to amend the bill of complaint to request attorney's fees. The trial court noted there were no pleadings in the record requesting such an amendment. Wife's attorney stated that she had brought the necessary written motion and order with her. The trial court denied the motion.

Whether to grant an amendment to a pleading is a decision resting within the sound discretion of the trial court. See Roberts v. Roberts, 223 Va. 736, 742, 292 S.E.2d 370, 373 (1982). A refusal to grant such an amendment will not be reversed on appeal absent an abuse of that discretion. See id.

Here, wife waited until she had concluded her direct testimony before advising the court and husband of her desire to seek attorney's fees. Such notice, we conclude, was insufficient to permit husband effective cross-examination on the issue of wife's attorney's fees or to prepare and present evidence in opposition thereto. Accordingly, we hold the trial court did not abuse its discretion in denying wife's motion.

Wife's appeal being without merit, we deny her request for appellate attorney's fees. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

-

For these reasons, we affirm the judgment of the trial court.

Affirmed.