COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Beales and AtLee
Argued at Richmond, Virginia

HAMPTON H. JACKSON, JR.

MEMORANDUM OPINION* BY
v.        Record No. 0734-18-2          JUDGE RICHARD Y. ATLEE, JR.
                                        DECEMBER 26, 2018
CRYSTAL N. JACKSON

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Lynn S. Brice, Judge

Reginald M. Barley for appellant.

Jeremiah M. Yourth (Owen & Owens PLC, on brief), for appellee.


Hampton H. Jackson, Jr. ("husband") appeals the decision of the circuit court regarding

the classification of real property following his divorce from Crystal N. Jackson ("wife").[1]  On

appeal, husband argues that the circuit court erred by classifying property that he purchased prior

to marriage as wholly marital because the property could be traced back to its original

classification as separate property.  Because husband failed to meet his burden of proof, we

affirm the decision of the circuit court.

I. BACKGROUND

"Upon review, we consider the evidence in the light most favorable to the wife, the

prevailing party."  Gray v. Gray, 228 Va. 696, 699 (1985).

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We recognize that "former husband" and "former wife" would be more accurate, but we
use less cumbersome titles in this memorandum opinion for ease of reference.

In 1994, husband purchased a home at 6406 Windcroft Road. Wife moved into the Windcroft property after the parties married in 2000. After a few years living at the Windcroft property, husband and wife decided to purchase a new home. They wanted to use a Veteran's Affairs ("VA") loan to finance the new home; however, a VA loan can only be used on one mortgage, and husband had already used a VA loan to purchase the Windcroft property. In order to obtain a VA loan on the new property, and also to "share the debt" on the property, the parties refinanced the Windcroft property and retitled the property with husband and wife as joint owners. Husband continued to pay the mortgage out of an account in his name.

After husband and wife moved into their new home, they rented out the Windcroft property. The tenant dealt exclusively with husband, and testified that he did not see wife at the property in the eleven years he lived there. Despite not visiting the property, wife contributed equally to all work done on the Windcroft property, including repairs to the heat pump and a bathroom remodeling. Neither party testified about how the rental income was deposited, distributed, or used.

Because he continued to pay the mortgage separately, husband argued that the Windcroft property, despite being jointly titled and presumptively marital, was retraceable to its original classification and should be classified as his separate property. The circuit court disagreed, holding that the property was wholly marital because "the [c]ourt has no evidence as to what efforts [husband] expended on the Windcroft property." Husband now appeals.

II. ANALYSIS

Husband argues that the circuit court incorrectly classified the Windcroft property as marital. A "trial court's classification of property is a finding of fact, [and] that classification will not be reversed on appeal unless it is plainly wrong or without evidence to support it."

Robinson v. Robinson, 46 Va. App. 652, 661 (2005). The Court will not "retry the facts" or "reweigh the preponderance of the evidence." Wright v. Wright, 38 Va. App. 394, 406 (2002).

Prior to distributing property following a divorce, the circuit court "must classify the parties' assets as 'marital,' 'separate,' or 'part separate and part marital.'" Robinson, 46 Va. App. at 662 (quoting Code § 20-107.3(A)). Property acquired before marriage is generally presumed to be separate. Barnes v. Barnes, 16 Va. App. 98, 104 (1993); Code § 20-107.3(A)(1). Marital property includes "all property titled in the names of both parties." Code § 20-107.3(A)(2). If "separate property is retitled in the joint names of the parties, the retitled property shall be deemed transmuted to marital property." Code § 20-107.3(A)(3)(f).

Despite the joint title, if the transmuted property "is retraceable by a preponderance of the evidence and was not a gift, the retitled property shall retain its original classification." Id. The party claiming a separate interest, in this case husband, "bears the burden of proving retraceability." von Raab v. von Raab, 26 Va. App. 239, 248 (1997). "Whether a transmuted asset can be traced back to a separate property interest is determined by the circumstances of each case, including the value and identity of the separate interest at the time of the transmutation." Id.

There is no dispute that the retitling in this case was not a gift. The only issue is whether husband met his burden to prove retraceability and thus rebutted the presumption that the retitled property was transmuted to marital property. We cannot say that husband met his burden because he did not provide the circuit court with sufficient evidence that the Windcroft property was entirely separate.

The home was jointly titled in both parties' names in order to allow the parties to "share the debt" of the Windcroft property and of their new property. Both parties contributed equally to repairs and improvements of the Windcroft property. Though husband paid the mortgage out

of a separate account in his name, there is insufficient evidence about the source of the funds in that specific account and whether the funds were separate property. Further, "income from jointly owned properties [is] also jointly owned and . . . properly classified as marital property." Hart v. Hart, 27 Va. App. 46, 62 (1998). It is unclear whether any rental income was used to fund the account or to pay any portion of the mortgage. Thus, to meet his burden, husband was required to prove that the funds used to pay the mortgage were separate. He failed to do so.

Finally, husband did not provide any evidence of the purchase price of the home or its value at the time of separation, his equity in the home at the time of transmutation, the cost of the repairs, or the value of the home before and after both the repairs and the remodeling were completed. This lack of evidence prevented the circuit court from determining that the home was entirely separate property without a marital share. While it is apparent that husband may have had at least a partial separate interest, his failure to present evidence relating to value, equity, and cost of repairs prevents the circuit court from determining the precise amount he separately contributed. If a court cannot determine the precise amount contributed from a separate source, that unknown amount "transmutes by commingling and becomes marital property." Rahbaran v. Rahbaran, 26 Va. App. 195, 208 (1997) (citation omitted). Given the lack of evidence, husband failed to meet his burden, and we cannot say that the circuit court erred in classifying the Windcroft property as wholly marital.

III. CONCLUSION

For the foregoing reasons, the circuit court is affirmed.

Affirmed.