## DEBRA STACK JAMES

### V.

## BERVIL GARTH JAMES, JR.

Record No. 821301

September 6, 1985

Present: All the Justices

*Howard I. Legum (Fine, Fine, Legum & Fine,* on brief), for appellant.
*Jon P. Eichler (Robinson, Eichler, Zaleski & Mason,* on brief), for appellee.

POFF, J., delivered the opinion of the Court.

The principal issue framed on this appeal is whether the chancellor erred in awarding custody of the minor children of a divorced couple to the children's grandparents.

Bervil Garth James, Jr., and his wife, Debra Stack James, are the parents of two children, one born February 17, 1976, and the other November 9, 1977. In litigation initiated by Bervil in 1980, each party sought a divorce on grounds of desertion and adultery, and each asked for custody of the children. In testimony before a commissioner in chancery, Bervil admitted committing adultery, but never when the children were in the house. He stated that Debra had told him that she had been sleeping with another man. Debra denied that this relationship was meretricious. Each party described various acts of physical violence committed by the other. Friends and relatives of the husband and wife testified that each was a fit and proper parent. A probation officer reported that "both parents seem to have a genuine good strong parental relationship" and that he found nothing "detrimental in either environment that might harm the children or impair their physical or psychological development." Both parties submitted evidence of their income and expenses.

The commissioner recommended that Debra be granted a divorce on the ground of adultery but found that she was not entitled to spousal support. On the question of custody, he failed to find either parent unfit. He noted, however, that "the parents are

constantly at odds with each other" and "what concerns [me] most is the open hostility that the parties have exhibited toward each other—both in and out of the presence of their children." Although he "admit[ted] that this type of recommendation is unusual", the commissioner suggested that custody of the minor children be awarded to the paternal grandparents four days a week and the maternal grandmother three days a week, and that Bervil be required to pay $350 per month in child support.

Over exceptions filed by both parents, the chancellor entered a decree confirming the commissioner's report. On appeal, Debra urges us to reverse the custody ruling and to enter final judgment granting her sole custody of both children and increasing the awards of child support and attorney's fees. Bervil, who specifically excepted to the custody ruling at trial, now asks us to affirm the decree in full, or alternatively, to "remand this case for determination by the trial court as to where the best interests of the children now lie". Counsel stipulated at bar that both parties have remarried and that the issue of spousal support is moot.

■ Debra seems to urge us to hold that the law favors a natural parent in any custody dispute with a third party. It is true that parents are the statutory guardians of their minor children, Code § 31-1, and "the rights of the parent are, if at all possible, to be respected, such rights being founded upon natural justice and wisdom, and being essential to the peace, order, virtue and happiness of society." *Walker* v. *Brooks*, 203 Va. 417, 421, 124 S.E.2d 195, 198 (1962). And, in *Judd* v. *Van Horn*, 195 Va. 988, 995-96, 81 S.E.2d 432, 436 (1954), we said that "a fit parent with a suitable home has a right to the custody of his child superior to the rights of others", that "the law presumes that the child's best interests will be served when in the custody of its parent", and that to overcome that presumption, "evidence of unfitness must be cogent and convincing."

■ But, as our language in *Walker* and *Judd* illustrates, we do not give wooden application to the rule Debra urges. Parental rights are not plenary or absolute. "[I]n custody and adoption cases the welfare of the child is of paramount concern and takes precedence over the rights of parents." *Malpass* v. *Morgan*, 213 Va. 393, 399, 192 S.E.2d 794, 799 (1972). Thus, we have recognized that the *Judd* presumption preferring natural parents over third parties may be overcome by proof of parental unfitness, *Forbes* v. *Haney*, 204 Va. 712, 133 S.E.2d 533 (1963), failure to

appeal an order of divestiture, *McEntire v. Redfearn*, 217 Va. 313, 227 S.E.2d 741 (1976), voluntary relinquishment, *Shortridge v. Deel*, 224 Va. 589, 299 S.E.2d 500 (1983), or abandonment, *Patrick v. Byerley*, 228 Va. 691, 325 S.E.2d 99 (1985).

■ Yet, "in the absence of a showing of unfitness of the parent, special facts and circumstances must be shown constituting an extraordinary reason for taking a child from its parent, or parents." *Wilkerson v. Wilkerson*, 214 Va. 395, 397-98, 200 S.E.2d 581, 583 (1973). Here, the commissioner in chancery, evaluating the evidence concerning parental fitness, expressly found "that both parents love their children and are deeply interested in their welfare; that both parties relate to the children well; . . . that both parties are concerned about the children's health and well-being; . . . and that both children appear to be comfortable in the presence of either parent."

■ Notwithstanding these findings, reinforced as they were by the report of a neutral probation officer, the commissioner recommended that the chancellor deny the respective custody pleas of the natural parents. Manifestly, that recommendation was based upon a conscientious concern that if the children were placed in the custody of either parent, "the open hostility that the parties have exhibited toward each other" would be harmful to the children. We share that concern, but it is one common to most divorce cases involving custody disputes, and we do not believe that it, standing alone, constitutes "an extraordinary reason for taking a child from its parent, or parents." *Id.*

■ We hold that the facts shown by the evidence in this case fail to rebut the *Judd* presumption. We will reverse the decree entered May 14, 1982 insofar as it awards custody of the children to their grandparents and affirm it in all other particulars.* Since nearly five years have passed since the last evidentiary hearing, "we are unable at this time properly to determine the issue of custody from the record before us." *McEntire v. Redfearn*, 217 Va. at 317, 227 S.E.2d at 744. Accordingly, we will remand the cause to the circuit court with instructions to hold a new hearing

---

* Finding no abuse of the chancellor's discretion, we will uphold his award of attorney's fees for services rendered below, *Ingram v. Ingram*, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976), and, in our mandate, award Debra's counsel a fee for services rendered on this appeal.

on the questions of custody and child support and enter a decree consistent with the principles stated in this opinion.

*Affirmed in part, reversed in part and remanded.*