Present:  All the Justices

KEITH D. PARISH

v.  Record No. 980913   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                    February 26, 1999
MARY BETH SPAULDING

                FROM THE COURT OF APPEALS OF VIRGINIA


     In this appeal of an order adjudicating issues of child custody, visitation, and support, the primary question is whether the trial court employed proper procedures in determining the merits of a custodial parent's move from Virginia to Indiana, which was made in violation of a court order.

     The Circuit Court of Prince William County entered an order in December 1995 (the 1995 custody order), awarding sole custody of Keith Douglas Parish, Jr. and Samantha N. Parish (the children) to their mother, Mary Beth Spaulding.  The children's father, Keith D. Parish, Sr., was awarded visitation rights on alternate weekends, a portion of holidays and school vacations, and four weeks during the summer.  At the time the 1995 custody order was entered, both the mother and the father resided in Virginia.  The order required that a party intending to change residence give 30 days' written notice of the intended change to the court and to the other party.

The father appealed the 1995 custody order to the Court of Appeals. In July 1996, while that appeal was pending, the mother appeared before the circuit court to request a change in visitation and permission to move the children to Indiana. The circuit court ruled that it did not have jurisdiction to hear the matter due to the appeal pending in the Court of Appeals. On the same day, the mother filed another document with the circuit court, giving notice of her intent to move in 30 days and providing two "probable" addresses and a telephone number in Indiana.

The Court of Appeals later denied the mother's request to allow the trial court to adjudicate the issues involving her move while the appeal was pending. The mother made additional unsuccessful attempts, in July and August 1996, to obtain a modification of the father's visitation rights and permission to move the children to Indiana. Both the circuit court and the Prince William County Juvenile and Domestic Relations District Court (juvenile court) ruled that they lacked jurisdiction to hear the mother's petitions because no emergency existed and the Court of Appeals had denied the mother's request. On July 26, 1996, in response to the father's request for an injunction, the juvenile court entered an order enjoining the mother "from removing the residence of the minor children of the parties from

2

the boundaries of the Commonwealth of Virginia, until further order of the Court." The mother did not appeal from this order.

Despite the order, the mother moved the children to Indiana in August 1996. The Court of Appeals ultimately affirmed the 1995 custody order in an unpublished opinion. Parish v. Spaulding, Record No. 0137-96-4 (November 19, 1996).

In January 1997, the circuit court held a two-day *ore tenus* hearing in response to the father's motions to modify custody and visitation. Before the hearing, the circuit court denied the father's motion to withdraw his appeal of a juvenile court order concerning child support and, on its own motion, consolidated that appeal with the pending motions concerning custody and visitation.

At the hearing, the mother testified that her move to Indiana was necessitated by financial difficulties that occurred when her present husband lost his job in Virginia and she was due to give birth to her fourth child. The mother stated that her husband's family lived in Indiana and offered them assistance and rent-free housing. After the move to Indiana, her husband obtained employment as a warehouse manager for a furniture store where he was still employed at the time of the hearing. The children began attending school in Indiana at the start of the 1996-97 school year.

The father testified that he lives in Prince William County with his parents and is employed as a bartender and waiter at a local steakhouse. His sister's family also lives nearby in Prince William County. The father asked the circuit court to grant him custody of the children.

The court found that there had been significant changes in circumstances since the 1995 order concerning custody and visitation. After evaluating each of the factors listed in Code § 20-124.3, the court determined that the mother should retain sole custody of the children. The court also ruled that the mother's move to Indiana was in the best interests of the children. The court stated:

> First of all, the move to Indiana offered economic
> stability in the sense that [the mother] found herself
> in economic distress. It offered an opportunity to
> live in Indiana in a home that was rent-free, not
> unlike the same situation [the father] lives in here
> in Virginia. Number 2, it offers economic stability,
> in that the [mother] was in fact unemployed and the
> [mother's] new husband lost his job in Virginia and
> needed to move to find full employment and so moved to
> Indiana. It offered some economic stability based on
> the fact that the [father] in this case was not paying
> child support as ordered by the Court. Number four,
> in terms of an educational opportunity, it offered the
> [mother] an opportunity, together with her new
> husband, for additional schooling. Number 5, in terms
> of educational opportunities for the children, the
> transfer of the children was made in the summertime so
> as not to interfere with the schooling of the children
> and did not, in fact, interfere with that schooling.
> Number 6, it offered some emotional stability to the
> children. [The new husband] was allowed to return and
> address the issues of visitation and child support

4

that he had outstanding in Indiana.  And that offered some stability to their family environment.

The court then modified the father's visitation with the children based on the distance between the children's new home in Indiana and the father's home in Virginia.  The court also ordered an increase in child support based on the father's income and the needs of the children.

The father appealed the trial court's order to the Court of Appeals, which affirmed the trial court's judgment.  Parish v. Spaulding, 26 Va. App. 566, 496 S.E.2d 91 (1998).  This appeal followed.

The father argues on appeal that the Court of Appeals erred in affirming the trial court's judgment, because the trial court failed to conduct a hearing as required by this Court's holding in Carpenter v. Carpenter, 220 Va. 299, 257 S.E.2d 845 (1979). He contends that, as a result, he suffered a denial of due process.[1]  We disagree with the father's argument.

We first observe that this assignment of error contests only the procedure employed by the trial court, rather than the substance of the court's determination.[2]  In the trial court, the father agreed that the court lacked jurisdiction to hold a

[1]The mother has not entered an appearance in this appeal.

[2]Since the father has not presented an assignment of error regarding the merits of the trial court's custody determination,

5

hearing prior to the mother's move because the custody order was under review by the Court of Appeals.  See Greene v. Greene, 223 Va. 210, 212, 288 S.E.2d 447, 448 (1982).  Since the father agreed with the trial court's ruling on this issue, we will address only his argument that the trial court denied him due process in its conduct of the proceedings after the move had occurred.

In Gray v. Gray, 228 Va. 696, 698, 324 S.E.2d 677, 678 (1985), we stated that our decision in Carpenter "holds that before a court permits a custodial parent to remove children from the Commonwealth, it must determine that removal is in the children's best interests."  Under the facts presented here, the trial court determined the merits of the move after it had occurred.  The welfare of the children was the controlling consideration before the court in deciding this issue.  All other matters, including the mother's conduct in moving from Virginia without court approval, were subordinate to this consideration.  See Bottoms v. Bottoms, 249 Va. 410, 413, 457 S.E.2d 102, 104 (1995); James v. James, 230 Va. 51, 53, 334 S.E.2d 551, 553 (1985); Gray, 228 Va. at 698, 324 S.E.2d at 678; Keel v. Keel, 225 Va. 606, 610, 303 S.E.2d 917, 920 (1983); Bostick v. Bostick-Bennett, 23 Va. App. 527, 533, 478 S.E.2d

we do not consider the arguments in his brief addressing this subject.  See Rule 5:17(c).

6

319, 322 (1996); Hughes v. Gentry, 18 Va. App. 318, 322, 443 S.E.2d 448, 451 (1994).

The father's right of due process entitled him to notice and an opportunity to be heard on this issue. See McManama v. Plunk, 250 Va. 27, 34, 458 S.E.2d 759, 763 (1995); Brown v. Brown, 240 Va. 376, 380, 397 S.E.2d 837, 839 (1990). The record shows that the father requested the January 1997 hearing to obtain a change of custody or, in the alternative, a modification of his visitation rights. During that hearing, the court also heard evidence concerning the mother's decision to move the children from Virginia.

The father did not assert that he was unprepared to proceed on this issue or ask the court to consider the merits of the move at a later date. The record also shows that the court based its decision approving the move on the facts existing at the time of the move, rather than on evidence relating to the parties' changed circumstances after the move. Therefore, we conclude that the trial court conducted the proceedings required by Carpenter and provided the father due process in determining whether the move to Indiana was in the children's best interests.

The father next argues that the trial court erred in failing "to enforce" the juvenile court injunction prohibiting the mother from removing the children from Virginia without

7

court approval. He asserts that "enforcement" of the order requires that "the children's residence be re-established in the Commonwealth of Virginia until the terms of the injunction are met." We disagree with this argument.

The trial court did not err in failing "to enforce" the juvenile court order in the manner requested. The children already had been moved outside the Commonwealth. To require the children to return to Virginia irrespective of their best interests would have violated the requirement that courts act only in furtherance of those interests. See Bottoms, 249 Va. at 413, 457 S.E.2d at 104; Keel, 225 Va. at 610, 303 S.E.2d at 920. All litigants, however, are required to comply with court orders and their failure to do so subjects them to the sanction powers of the court. Here, the father was entitled to seek the imposition of sanctions against the mother for her violation of the injunction, but he did not request that the mother be sanctioned for this particular act. Thus, we do not consider the issue further in this appeal.

Finally, Parish argues that the trial court improperly prohibited him from withdrawing his appeal of the juvenile court's order concerning child support. He contends that he was prejudiced by the court's action because he "was denied the opportunity to focus the Court's attention on the only issue

8

important to him — contact with his children."  We find no merit in this contention.

In denying the father's motion to withdraw his appeal, the trial court noted that the parties had brought nine cases to the circuit court over the prior three years.  The court later stated that these circumstances had fragmented the issues between the parties and that it was "time for these matters to really come to a head."  The record does not show that the father was prejudiced by this ruling.  In denying the father's motion, the court was able to consolidate the cases pending before the court and to rule on the related issues of custody, visitation, child support, and the merits of the mother's move.  Moreover, the father asserts no error regarding the amount of support awarded in this hearing.

We have considered the father's remaining arguments and conclude that they have no merit.  Therefore, we will affirm the judgment of the Court of Appeals.

<u>Affirmed.</u>

JUSTICE COMPTON, with whom CHIEF JUSTICE CARRICO joins, dissenting.

In this case, one parent deliberately has violated a valid Virginia juvenile court order by removing the residence of the parties' minor children from the Commonwealth without prior court permission, thereby manufacturing a "change of condition,"

9

and thus encroaching on the due process rights of the other parent on issues of child custody, visitation, and support.

The majority endorses such practice, without even a hint of disapproval (except to blame the father for failing to seek "sanctions"), relying solely on "the best interests of the children."  I cannot join such a decision.

As I interpret the record, the circuit court did not base its decision approving the move solely on the facts existing at the time of the move.  Rather, the court considered facts relating to the changed circumstances existing after the move.  Indeed, the circuit court's lengthy recitation of reasons to support its decision in favor of the mother, quoted in the majority opinion, speaks mainly about Indiana conditions that existed after the move.  This points up the unfairness to the father in which the circuit court, the Court of Appeals, and now a majority of this Court, in a classic exercise of bootstrapping, all have infringed on the father's due process rights.

Therefore, I would reverse the judgment of the Court of Appeals with direction that the case be remanded to the circuit court for further proceedings, including requiring the mother to show cause why she should not be held in contempt of court for violation of the order prohibiting removal of the children's residence from the Commonwealth without court permission.