# CIRCUIT COURT OF FAIRFAX COUNTY

Landon Summers

v.

Marcia L. B. Summers

October 19, 1999

Case No. (Chancery) 147468

BY JUDGE STANLEY P. KLEIN

This matter is before the court on Defendant Landon Summer's (Father) Petition for Complainant to Show Cause and Complainant Marcia Summer's (Mother) Motion to Bar Entry of Rule to Show Cause. Mother claims that this court is without jurisdiction to entertain a contempt hearing because this cause is presently on appeal to Virginia's appellate courts. For the reasons set forth in this opinion, the Rule to Show Cause is entered, and Mother's motion is denied.

## I. *Background*

On December 18, 1997, this court entered a Decree for Permanent Custody which granted Mother custody of the minor children of the parties, Clara Elaine Summers and Landon Jack Summers. Father was granted visitation, including, *inter alia*, alternate weekends from Friday evening to Sunday evening. Father alleges that contrary to the letter and spirit of the Custody Decree, Mother moved the children to the State of Washington during the summer of 1999 and has refused to allow his court-ordered visitation since that time. He further alleges on brief that he attempted to contact his children during the weekend of September 10 to 13, 1999, but was unable to even contact them by phone, no less exercise his scheduled weekend visitation.

Mother responds that this court lacks jurisdiction to adjudicate Father's petition because appeals of prior orders in this case are presently pending before the Virginia Supreme Court and the Court of Appeals, and absent leave of those courts, this court cannot enter an order affecting the custody of the parties' children.

Mother also asserts that she is not in violation of the specific commands of the Custody Decree as the decree did not preclude her from moving outside of Virginia, she gave Father the thirty days' notice mandated by Va. Code § 20-134.5, and she is willing to allow Father to exercise his court-ordered visitation any time he decides to visit in Washington. She further argues that Father's alleged difficulties at this time are a product of Father's own inaction as she moved this court to have the propriety of the move adjudicated before she and the children left Virginia, and Father refused to endorse a consent order for the Court of Appeals to grant this court leave to conduct such a hearing. When leave was not obtained from the Court of Appeals, Mother's Petition for Leave to Relocate with Minor Children and for Modification of Visitation was removed from this court's docket shortly before the June 30, 1999, hearing date. Although the Court agrees that before a party may be held in contempt, the underlying order "must be in definite terms as to the duties thereby imposed upon [her] and the command must be expressed rather than implied ...." *Winn v. Winn*, 218 Va. 8, 10 (1977); *see also, Ledford v. Ledford*, 32 Va. Cir. 73 (1993) (Klein, J.), Father's pleadings contain sufficient allegations to warrant the issuance of a Rule to Show Cause. Whether evidence will in fact support a finding of contempt will have to be determined by the judge at the hearing.

## II. *Analysis*

When an appellate court in Virginia obtains jurisdiction over the parties and the subject matter of a controversy, the trial court is divested of jurisdiction to correct or modify its orders. *Green v. Green*, 223 Va. 210, 212 (1982). However, a trial court retains jurisdiction to enforce its orders. *Frazer v. Frazer*, 23 Va. App. 358, 380 (1996); *Decker v. Decker*, 17 Va. App. 562, 564 (1994).

Mother contends that the Supreme Court's recent decision in *Parish v. Spaulding*, 257 Va. 357 (1999), effectively overrules those portions of the *Frazer* and *Decker* decisions cited above, when contempt proceedings could potentially affect the living arrangements for the children. Mother's reliance on the Supreme Court's decision in *Parish* is misplaced. Contrary to the Mother's assertion on brief, the Supreme Court did not rule in *Parish* that a

trial court cannot hold a parent in contempt without adjudicating the best interests of the children. In fact, the Court specifically noted that the father had not sought sanctions against the mother for removing the children from Virginia, in contravention of an order entered by a juvenile court. *Id.* at 363. The issue actually addressed by the Court in *Parish* was whether the father's due process rights had been violated by the trial courts through, *inter alia*, the refusal to enforce the juvenile court injunction. In that context, the Court held that the best interests of the children would override the need to "enforce" court orders. The Court noted nonetheless that "[a]ll litigants, however, are required to comply with court orders, and their failure to do so subjects them to the sanctions powers of the court." *Id.* at 363.

In the event that Mother is found to be in contempt of the Custody Decree, sanctions other than the return of the children to Virginia can be considered by the Court. *See Bagwell v. International Union, United Mine Workers,* 244 Va. 463, 475 (1992); *Powell v. Ward,* 15 Va. App. 559 (1993). Moreover, leave may be sought from any Virginia appellate court in which an appeal of prior orders in this case is presently pending, to adjudicate whether a change in the custodial or visitation arrangements for the children should be effected as a result of Mother's move to Washington. As the best interests of the children would clearly be furthered by having such a determination made at this time, Virginia's appellate courts would hopefully look favorably upon such a motion, especially in light of the appellate history of this litigation.

Accordingly, I have this date entered Ms. Mizrahi's proposed Rule to Show Cause and have made it returnable to Friday, November 5, 1999. As the hearing will clearly take longer than thirty minutes, counsel are encouraged to contact the calendar control judge to schedule a hearing on the Rule for an appropriate date, giving due regard for the time necessary for one or both of the parties to file appropriate motions with the applicable Virginia appellate court(s). Mother's Motion to Bar Entry of Rule to Show Cause is denied.