COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


K. ROBIN LAING
                                    MEMORANDUM OPINION[*]
v.    Record No. 1288-00-3             PER CURIAM
                                     NOVEMBER 7, 2000
STEPHEN D. WALKER


            FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                 J. Howe Brown, Jr., Judge Designate

            (K. Robin Laing, pro se, on briefs).

            (Harwell M. Darby, Jr.; Glenn, Feldmann,
            Darby & Goodlatte, on brief), for appellee.


     K. Robin Laing appeals from an order of the Montgomery County

Circuit Court (the court) denying her petition for change of

custody of her daughter Dana (d.o.b. 11/15/87) and son Eric

(d.o.b. 6/19/89).[1]  The court ruled that custody of the two

children should remain with their father, Stephen Walker.  Laing

contends the court erred in excluding the children's in camera

testimony from the record and in denying her petition for custody.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Laing did not seek custody of the parties' eldest
daughter, Kelly.

summarily affirm the judgment of the circuit court. <u>See</u> Rule 5A:27.

## I. <u>Background</u>

The court awarded appellant custody of the parties' three children after the couple's 1991 divorce. In 1994, at Kelly's request, her custody was transferred to Walker. Shortly thereafter, Walker successfully petitioned for custody of Dana and Eric.

In November 1996, Walker verbally informed Laing that he would be moving with the children from Lafayette, Louisiana, to Ava, Missouri, where Walker was purchasing a farm. In a December 3, 1996 letter to Laing, Walker provided further information regarding the upcoming move. Walker included with his letter photographs of the area, brochures about the community, and information about the local schools.

On May 30, 1997, citing the move to Ava, Laing filed a petition to regain custody of Dana and Eric. The juvenile and domestic relations district court ordered that home studies of the parties' homes be performed. A Virginia social worker conducted Laing's home study, a Missouri social worker conducted Walker's home study, and neither social worker contacted both parties. Both social workers had favorable impressions of the party they reviewed. The Missouri social worker reported that Dana and Eric wished to remain with Walker, while the Virginia social worker

-

indicated the two children wanted to live with Laing. Neither social worker included a custody recommendation in her report.

On October 31, 1997, the juvenile and domestic relations district court denied Laing's petition for custody. Laing filed a timely appeal to circuit court, but no significant action was taken in the matter until the summer of 1999.

In a January 25, 2000 report, the guardian ad litem recommended that custody of the children remain with Walker. In preparing her report, the guardian ad litem spoke to the parties, their partners, Ava school officials, and all three children. Although conceding that Dana and Eric expressed a desire to live with Laing, the guardian ad litem noted that the children did not express "any reason they wanted a custody change for their own benefit." The guardian ad litem concluded it was her belief that the children wanted to live with both parents and did not want to have to decide which one they preferred.

The parties appeared before the court and presented evidence on April 4, 2000. Both described the suitable living arrangements they could offer the children. They detailed their positive relationships with the children, as well as the constructive relationships the children had developed with the parents' respective partners (Laing's husband and Walker's fiancée).

Laing testified that her work schedule was flexible enough to permit her to attend to the children's needs. She emphasized that she had been very cooperative with Walker when she was the

-

custodial parent and that she would continue this openness if custody of Dana and Eric was awarded to her. Laing asserted that Walker had not cooperated with her ever since he got custody of the children. She complained that Walker had failed to provide her with the children's school and medical records, but conceded that she had not requested any such records, except the children's blood types.

Social worker Kira Holland, who had performed the 1997 study of Laing's household, recommended that custody of the children be awarded to Laing. She conceded, however, that she had not communicated with Dana and Eric in three years and that she had not made a recommendation at the time she completed her home study.

Walker testified that he gave up his job with an oil company in Lafayette to buy a farm in Ava. He stated that he selected Ava not only for the suitable farmland it possessed, but also because of the advantages the community afforded Kelly, Dana, and Eric. He presented evidence that Dana and Eric were doing well in school and were active in extracurricular activities.

At the time of the hearing, Walker worked forty hours a week as a production engineer, in addition to his farm duties. He stated that his farm duties consumed between one and a half and five hours per day, depending on the time of the year. The children frequently accompany Walker when he performs farm chores.

-

Walker's mother, who was his business partner in the farming operations, lived with him. His fiancée was going to move into the residence after the couple's April 10, 2000 wedding.

After speaking to the parties' three children in camera, the circuit court noted that Dana and Eric had expressed a preference to live with Laing. Nevertheless, the court concluded that, especially considering the children's ages, their desires were not dispositive.

The court was impressed that the children's well-being was a significant consideration when Walker decided to relocate to Ava. And it commented favorably on the quantity of information Walker provided to Laing about Ava, even if he had relocated there without proper notice.[2] The court found no significant difference between the educational opportunities available to the children in Ava as opposed to Laing's hometown of Christiansburg, Virginia. In denying Laing's petition, the court concluded that there was no "justifiable reason to change custody at this time."

## II. In Camera Proceedings

The court's final order provided that the children's testimony was not to be transcribed except by order of the court. Laing concedes she agreed that the children's testimony be taken

---

[2] Code § 20-124.5, enacted in 1994, requires that the court include in any custody order a provision requiring a party to provide thirty days advance notice of an intent to relocate. Such a provision was not included in the August 25, 1994 order awarding custody of Dana and Eric to Walker. The original custody order is not part of the appellate record.

-

in _camera_.  She did not advise the court that she objected to the testimony not being transcribed, and the record does not reflect that she ever asked that it be transcribed.

> Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention."  "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court."

_Francis v. Francis_, 30 Va. App. 584, 592, 518 S.E.2d 842, 846-47 (1999) (citations omitted).

Laing failed to present to the circuit court the concerns she raises before this Court.  Indeed, the record does not reflect that Laing ever asked the court to have the children's testimony transcribed.  She did not preserve this issue for appeal and has failed to establish that either the ends of justice or good cause exceptions to Rule 5A:18 apply.

### III.  Sufficiency of the Evidence

On appeal, we review the evidence in the light most favorable to the party prevailing below and grant to that party all reasonable inferences fairly deducible therefrom.  _Anderson v. Anderson_, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999).

"A party seeking to modify an existing custody order bears the burden of proving that a change in circumstances has

-

occurred since the last custody determination and that the circumstances warrant a change of custody to promote the children's best interests."  Brown v. Brown, 30 Va. App. 532, 537, 518 S.E.2d 336, 338 (1999).  A circuit court is vested with much discretion in deciding the custody of minor children and, as long as the record supports the court's decision, its ruling will not be reversed absent an abuse of that discretion.  Id. at 538, 518 S.E.2d at 338.

> In all child custody cases, . . . "the best interests of the child are paramount and form the lodestar for the guidance of the court in determining the dispute."  In making this determination, the wishes of a child who has reached the age of discretion, though not controlling, should be considered and given appropriate weight.

Bailes v. Sours, 231 Va. 96, 99, 340 S.E.2d 824, 826 (1986) (citation omitted).

The record reflects that Laing and Walker are both capable, loving parents.  But, at the time of the circuit court proceeding, the children had been living with Walker in Ava for three years and, by all accounts, were doing well there.  While Walker may not have given Laing proper notice before relocating to Ava, this failure is not dispositive on the issue of custody.  See Parish v. Spaulding, 257 Va. 357, 362, 513 S.E.2d 391, 393 (1999) (holding that the mother's conduct in relocating outside of Virginia without court approval was a matter subordinate to the best interests of the children).  Laing has failed to

-

establish that the children's interests would be better served by living with her in Christiansburg, rather than with Walker in Ava.

Laing asserts the court did not give appropriate weight to the wishes of the children. We disagree. Although the court found that the children had not reached the age of discretion, it mentioned that it was taking into account the children's wishes. The circuit court correctly recognized that the desires of young children may not always coincide with their best interests. The court's finding that the best interests of the children required that custody remain with Walker is supported by evidence in the record. Accordingly, the court did not abuse its discretion in denying Laing's petition.[3]

For the foregoing reasons, the judgment of the circuit court is affirmed.

<u>Affirmed.</u>

---

[3] Laing asserts that Walker violated the terms of the parties' marital settlement agreement by not surrendering custody in accordance with the children's preferences. That agreement is not part of the appellate record. On cross-examination, Walker agreed that the agreement contemplated that the wishes of the children would be considered. Regardless of its terms, the court was not bound by the parties' agreement if it was contrary to the best interests of the children. <u>See</u> <u>Edwards v. Lowry</u>, 232 Va. 110, 112, 348 S.E.2d 259, 261 (1986); Code § 20-108 (granting the divorce court continuing jurisdiction over child custody issues).