COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Felton, Judges Frank and Petty
Argued at Richmond, Virginia


DOUGLAS B. HARDING, JR.

MEMORANDUM OPINION[*] BY
v.      Record No. 1157-08-4      CHIEF JUDGE WALTER S. FELTON, JR.
JUNE 23, 2009

SARA K. HARDING


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Richard B. Potter, Judge

Michelle C. Thomas (M.C. Thomas & Associates, PC, on briefs), for
appellant.

Roy J. Baldwin (Jeanette A. Jones; The Baldwin Law Firm, LLC, on
brief), for appellee.


Douglas B. Harding, Jr. (father) appeals from a judgment of the Circuit Court of Prince

William County (trial court) ordering Sara K. Harding (mother) to pay him $1,753.35 in

unreimbursed medical expenses, an amount less than that which he originally requested.  He also

asserts the trial court erred by removing mother's duty, under the parties' property settlement

agreement (PSA), to provide him with school records for the parties' children.  He further contends

the trial court erred by increasing his child support obligation, and by modifying his visitation with

the children.  For the reasons that follow, we affirm the judgment of the trial court.[1]


_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] After oral argument, in due consideration, the Court denies appellee's motion to dismiss
the appeal.

## I. Background

Under familiar principles, "we construe the evidence in the light most favorable to [mother], the prevailing party below, granting to [her] evidence all reasonable inferences fairly deducible therefrom." Northcutt v. Northcutt, 39 Va. App. 192, 195, 571 S.E.2d 912, 914 (2002). So viewed, the evidence established that father and mother were divorced in March 2007, following a ten-year marriage. Two children were born of the marriage, "A," born in August 1998, and "B," born in March 2000. The parties settled all property, custody, and support matters in a property settlement agreement, including two addenda, which the trial court ratified, affirmed, and incorporated, but did not merge, into the final decree of divorce. The final decree awarded the parties joint legal custody of the children, who were to reside primarily with mother. It granted father extensive visitation with the children, including overnight visits every Tuesday and Thursday. It ordered father to pay mother $1,200 monthly in child support. The trial court also ordered mother to provide father with copies of the children's medical, dental, mental health, and academic records and notices of school events. Additionally, it ordered mother and father to "share equally all remaining unreimbursed medical expenses" for the children.

In July 2007, father petitioned the trial court for a rule to show cause against mother, contending she failed to pay him her portion of their children's unreimbursed medical expenses. He further contended that mother failed to inform him of an increase in her income as required by the final decree of divorce. He also asserted mother failed to provide him with certain school, medical, dental, and mental health records pertaining to the children. Finally, he asserted mother failed to confer with him regarding the children's education and medical care. Mother petitioned the trial court to increase father's child support obligation and to decrease his visitation time with their children.

- 2 -

On December 10, 2007, the trial court held an *ore tenus* hearing on the parties' respective petitions.[2] In a January 7, 2008 order, the trial court did not find mother in contempt, though it found her "willfully remiss in her compliance with her duty . . . to provide [father] with '[c]opies of all notices of school events in which parents may participate . . . .'" It also found that mother failed to reimburse father for his unreimbursed medical expenses for their children, and "enjoined [the parties] to cooperate . . . to determine the appropriate amount of the [unreimbursed medical] expenses to be reimbursed, so that this agreed figure may be presented to the Court" at a hearing it set for February 4, 2008, at which it would also receive evidence on mother's "[m]otion to modify visitation and child support."

Following the February 4 hearing, the trial court found "there has been a change of circumstances since the entry of the Final Decree: [father] has moved to a point significantly farther away [from mother's residence] and has become engaged, and one of the children's academic performance has declined." It modified father's visitation with the children, eliminating father's weekly Tuesday and Thursday overnight visits with them. The revised visitation schedule also provided for father to have the children for an additional two weeks each summer, to have them during every other spring break, and to have a two-hour evening visit with them on the first and third Wednesdays of each month.

Additionally, the trial court increased father's child support obligation from $1,200 to $1,627 each month. It eliminated mother's requirement to provide father copies of the children's school records. It ordered mother to pay father $1,753.35 in unreimbursed medical expenses for the children, the parties' "agreed-upon amount."

---

[2] Father failed to file a transcript or any statement of facts of the December 10, 2007 hearing as part of the record on appeal as required by Rule 5A:8.

II. Analysis

A. Visitation Modification

On appeal, father contends the trial court abused its discretion by modifying his visitation with the children. He contends there was no material change in circumstance to warrant a change in visitation and that the modification of visitation was not in the best interests of the parties' children.[3]

"A trial court's decision, when based upon an *ore tenus* hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it." Lanzalotti v. Lanzalotti, 41 Va. App. 550, 554, 586 S.E.2d 881, 882 (2003) (citing Venable v. Venable, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986)).

"When a trial court has entered a final custody and visitation order, it cannot be modified absent (i) a showing of changed circumstances under Code § 20-108 and (ii) proof that the child's best interests under Code § 20-124.3 will be served by the modification." Petry v. Petry, 41 Va. App. 782, 789, 589 S.E.2d 458, 462 (2003).

> "'Changed circumstances' is a broad concept and incorporates a broad range of positive and negative developments in the lives of the children." Parish v. Spaulding, 26 Va. App. 566, 573, 496 S.E.2d 91, 94 (1998) (quoting Keel v. Keel, 225 Va. 606, 611-12, 303 S.E.2d 917, 921 (1983)), aff'd, 257 Va. 357, 513 S.E.2d 391 (1999). "Whether a change in circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence." Ohlen v. Shively, 16 Va. App. 419, 423, 430 S.E.2d 559, 561 (1993) (citation omitted).

Wheeler v. Wheeler, 42 Va. App. 282, 289 n.1, 591 S.E.2d 698, 702 n.1 (2004).

---

[3] In his question presented concerning this issue, father refers to the trial court's order "modifying custody, visitation and support." The record does not reflect that the trial court modified the custody award made in the final decree of divorce. Also, while the trial court modified the parties' respective child support obligations, father does not argue on appeal that the evidence failed to show there was a material change in circumstances to justify a modification of child support.

"In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990).

Here, the trial court found from evidence presented at the February 4, 2008 *ore tenus* hearing that father's relocation to a new residence, more distant from mother's residence, was a material change in circumstance. It found that father's relocation resulted in "extensive travel time" for the parties' children, and that, in turn, resulted in a decrease in the children's academic performance, as well as "some emotional changes [in the children] due to the interference with their ability to complete their academic requirements." It also found that the weeknight visitation schedule precluded the children from enrolling in extracurricular activities after school. From this evidence, the trial court concluded it was in the children's best interest to modify father's visitation schedule to reduce the disruption in the children's schedule during the school week, while providing father with additional visitation during the summer and school holiday periods.

From the record on appeal, we conclude the trial court did not abuse its discretion in finding father's move to a more distant residence constituted a material change in circumstance warranting a change in visitation and that it did not err in finding that modification of visitation was in the children's best interests.

### B. Child Support Modification

Father also contends the trial court abused its discretion by modifying child support. He contends the trial court failed to consider mother's spousal support income, and the rental income she received from a tenant lodging in her residence, in its calculation of the parties' respective child support obligations. See Code § 20-108.2 (defining "gross income" for purposes of Code § 20-108.2 as "all income from all sources").

The record reflects the trial court included mother's spousal support income of $1,000 per month, as well as her rental income of $700 per month, when it calculated her monthly gross income for application of the statutory child support guidelines. See Code § 20-108.2. We conclude the trial court did not abuse its discretion when it modified the parties' respective child support obligations.

## C. Mother's Duty to Provide Documents to Father

Father also contends the trial court abused its discretion when it ordered that "[e]ach party shall be responsible for obtaining from the school all copies of report cards and tests for the children."[4] He first argues that "principles of *res judicata*" barred the trial court from entering that order, because the trial court previously ruled in its January 7, 2008 order that mother was "willfully remiss in her compliance with her duty . . . to provide [him] with '[c]opies of all notices of school events in which parents may participate . . . .'"

> Unless there is a final judgment, *res judicata* is not applied. "[T]he party seeking to assert *res judicata* . . . must prove that the [court] rendered a final judgment in its favor." Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 128, 510 S.E.2d 255, 259 (1999) (*en banc*) (citing Straessle v. Air Line Pilots' Ass'n, Int'l, 253 Va. 349, 353, 485 S.E.2d 387, 389 (1997)). A judgment or decree, in turn, "'is final only when it disposes of the whole subject, gives all the relief that is contemplated and leaves nothing to be done by the court in the cause except its ministerial execution.'" Lewis v. Lewis, 271 Va. 520, 528 n.3, 628 S.E.2d 314, 318 n.3 (2006) (quoting Brooks v. Roanoke County Sanitation Auth., 201 Va. 934, 936, 114 S.E.2d 758, 760 (1960)).

Stiles v. Stiles, 48 Va. App. 449, 454-55, 632 S.E.2d 607, 610 (2006).

---

[4] In his question presented concerning this issue, father refers to the trial court's "determination on December 10, 2007 that [m]other violated her duty to confer on all medical, educational, and mental matters pertaining to the children." The record reflects that the relevant ruling by the trial court in its January 7, 2008 order pertained only to "'[c]opies of all notices of *school events* in which parents may participate . . . .'" (Emphasis added).

The trial court's January 7, 2008 order, arising in part from the "Show Cause Decree entered on August 2, 2007 against [mother]," contains five enumerated paragraphs, each of which contains a distinct ruling. Paragraph 1, captioned "Unreimbursed Medical Expenses," and Paragraph 2, captioned "Notification of Change in Income," each contain the sentence, "This portion of the Rule is therefore dismissed." Paragraph 3, captioned "Conferring on School and Medical Matters, Providing Copies," contains a finding (on which father relies for his claim of *res judicata*) that mother was "willfully remiss in her compliance with her duty . . . to provide [father] with '[c]opies of all notices of school events in which parents may participate . . . ,'" in violation of the terms of the parties' PSA. Paragraph 3 of the order, unlike Paragraphs 1 and 2, does not expressly dismiss any portion of the rule to show cause against mother. Nor does it impose any sanction. The trial court did not "dispose[] of the whole subject," see Stiles, 48 Va. App. at 454, 632 S.E.2d at 610, until its April 10, 2008 order, in which it ordered that "[t]he Rule to Show Cause against [mother] entered on August 2, 2007, is hereby dismissed with prejudice."

Because the January 7, 2008 order was not a final judgment with regard to the trial court's finding that mother failed to "provide [father] with '[c]opies of all notices of school events in which parents may participate," the *res judicata* bar is inapplicable to the trial court's April 10, 2008 order concerning mother's duty in that regard.

Father also contends that eliminating mother's duty to provide copies of the children's school records was contrary to the children's best interest. He argues that the trial court's order modifying visitation rendered him "limited in his ability to obtain academic information about his children."

"In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." Farley, 9 Va. App. at 328, 387 S.E.2d at 795. The trial court's judgment, "when based on evidence heard *ore tenus*, will not be

disturbed on appeal unless plainly wrong or without evidence to support it." Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988).

The record reflects that the trial court did not leave father "limited in his ability to obtain academic information about his children," because the court expressly ordered that "[n]o school, hospital or health records shall be denied to either parent." See Code § 20-124.6 ("Notwithstanding any other provision of law, neither parent, regardless of whether such parent has custody, shall be denied access to the academic or health records of that parent's minor child unless otherwise ordered by the court . . . ."). The trial court's April 10, 2008 order also provided for father to "obtain[] from the [children's] school all copies of report cards and tests for the children," thereby providing each party the same access to the children's school records.

Because father's right of access to the children's school records was safeguarded by statute and by the express language of the trial court's order, we conclude the trial court did not abuse its discretion in relieving mother of her duty to provide father with copies of those records.

### D. Unreimbursed Medical Expenses

Father additionally contends the trial court abused its discretion in its April 10, 2008 order by "failing to require the parties to mutually agree upon an amount for the unreimbursed medical expenses, and instead ordering [m]other to pay [m]other's requested amount [of] $1,753.35." However, the trial court's Corrected Statement of Facts of the February 4, 2008 *ore tenus* hearing, certified by the trial court pursuant to Rule 5A:8, expressly provides that it ordered mother "to pay the *agreed-upon amount* of unreimbursed medical expenses of $1,753.35." (Emphasis added). Father did not object to the inclusion of this statement of fact. Accordingly, the record on appeal reflects that the $1,753.35 reimbursement amount ordered by the trial court was the amount agreed to by the parties. We therefore conclude the trial court did not abuse its discretion when it ordered mother to pay father $1,753.35 in unreimbursed medical expenses.

### III.  Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.  Additionally, we grant mother's request for attorney's fees and costs associated with this appeal.  Accordingly, we remand to the trial court to determine an appropriate award of attorney's fees and costs incurred by mother in this appeal.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 479 S.E.2d 98 (1996).

Affirmed and remanded.