COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Petty, Chafin and Senior Judge Annunziata

CANDICE WALLACH

               MEMORANDUM OPINION[*]
v.  Record No. 0656-13-2        PER CURIAM
                JANUARY 28, 2014
PRINCE GEORGE DEPARTMENT
 OF SOCIAL SERVICES

FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
W. Allan Sharrett, Judge

(Edwin F. Brooks, on brief), for appellant.

(Joan M. O'Donnell; W. Edward Tomko, III, Guardian *ad litem* for
the minor children; Novey and Tomko Law Firm, on brief), for
appellee.

Candice Wallach (mother) appeals the orders terminating her parental rights to her children.

Mother argues that (1) the trial court erred by denying her motion *in limine* when the Prince George

Department of Social Services (the Department) failed to comply with the terms of the pretrial order

regarding the filing of an exhibit list and witness list; (2) the evidence was insufficient to terminate

her parental rights pursuant to Code § 16.1-283(B) and (C); (3) the evidence was insufficient to

terminate her parental rights pursuant to Code § 16.1-283(E)(iv); and (4) the trial court erred by not

ruling on her "Objection to the Final Orders."[1] Upon reviewing the record and briefs of the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We will not consider the second assignment of error because the trial court terminated
mother's parental rights pursuant to Code § 16.1-283(E)(iv), not Code § 16.1-283(B) or (C).
Accordingly, "there is no ruling for us to review on appeal." Ohree v. Commonwealth, 26
Va. App. 299, 308, 494 S.E.2d 484, 489 (1998) (citing Fisher v. Commonwealth, 16 Va. App.
447, 454, 431 S.E.2d 886, 890 (1993)).

parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the

decisions of the trial court. See Rule 5A:27.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cnty. Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

In March 2009, mother lived with her husband, David Wallach, her stepdaughter (J.), and

her three children.[2] J. was approximately twenty-one months old. On March 31, 2009, the

Department was notified that J. had been admitted to MCV Hospital for treatment of a skull

fracture and subdural hematoma. Mother told the medical personnel that J. fell down the stairs.

On April 2, 2009, J. died from her injuries. The medical examiner conducted an autopsy of J.

He concluded that she died of blunt force injury to the head and that the injury was

non-accidental.

Due to J.'s injuries and death, the Department filed petitions alleging abuse or neglect

with regard to mother's three children. The Prince George County Juvenile and Domestic

Relations District Court (the JDR court) entered emergency removal orders, and the three

children were placed in foster care. At the time of the removal, the children were six years old,

four years old, and five months old.

The JDR court did not approve the Department's initial foster care plans with a goal of

return home. The Department explored relative placement options, but to no avail. In May

---

[2] David Wallach is the biological father of J. and mother's youngest child. Matthew Miller is the biological father of mother's oldest two children.

2010, the JDR court terminated mother's parental rights and approved the goal of adoption.[3]

Mother appealed to the circuit court.

The circuit court heard evidence on September 27 and September 28, 2012. The circuit court allowed mother to file a written motion to strike and allowed the parties to submit written closing arguments. On March 18, 2013, the circuit court entered orders terminating mother's parental rights to her three children.[4] This appeal followed.

ANALYSIS

*Assignment of error 1 - Pretrial order*

Mother argues that the trial court erred in denying her motion *in limine* because the Department failed to file its exhibit list and witness list pursuant to the terms of the pretrial order.

"'[A] court's decision of whether and how to enforce an order is reviewed only for an abuse of discretion.'" Ange v. York/Poquoson Dep't of Soc. Servs., 37 Va. App. 615, 624, 560 S.E.2d 474, 479 (2002) (quoting Parish v. Spaulding, 26 Va. App. 566, 576, 496 S.E.2d 91, 96 (1998), aff'd, 257 Va. 357, 513 S.E.2d 391 (1999)).

Mother appealed the JDR ruling in May 2010, and the circuit court scheduled a trial date of August 2, 2010. Over the Department's objections, the circuit court granted mother several continuances over the next two years. In March 2012, the circuit court entered a pretrial order and an order substituting counsel for mother. In part, the pretrial order stated, "**On or before August 21, 2012**, counsel of record shall exchange a list specifically identifying each exhibit to

---

[3] Miller consented to a voluntary termination of his parental rights to mother's oldest two children. David Wallach appealed the JDR court's order terminating his parental rights to mother's youngest child.

[4] The circuit court also terminated David Wallach's parental rights to mother's youngest child. He did not appeal that ruling.

be introduced at trial, copies of any exhibits not previously supplied in discovery, and a list of witnesses proposed to be introduced at trial." (Emphasis in original.)

On September 24, 2012, three days prior to the scheduled trial, mother filed a motion *in limine* because she had not received the Department's lists of witnesses and exhibits or copies of its exhibits. At the hearing on the motion, the Department informed the circuit court that it provided mother's counsel with its list of witnesses and list of exhibits, along with copies of the exhibits, in July 2010. The Department did not provide a second copy of its lists of witnesses and exhibits and copies of the exhibits to mother's substituted counsel in 2012.[5] Mother argued that the Department did not comply with the pretrial order because it failed to provide the copies to her substituted counsel, who was counsel of record at the time of the pretrial order. Mother's counsel explained that he did not receive a copy of the file until April 2012 and it was a "wreck." The trial court held that the Department could assume that mother's substituted counsel received the lists of witnesses and exhibits provided to previous counsel. The Department would not be required "to re-file everything that [it] filed so that the next lawyer gets the whole inventory." The trial court also questioned whether mother's substituted counsel reviewed the court's file and informed counsel that he had "an affirmative duty" to see what had been previously filed.

The trial court did not err in denying mother's motion *in limine* because the Department provided the information to prior counsel.

*Assignment of error 3 – Code § 16.1-283(E)(iv)*

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support

---

[5] Pursuant to the pretrial order, the Department filed a list of expert witnesses with the court and provided a copy to mother's counsel on July 27, 2012.

it." Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16

(1986) (citations omitted).

Mother argues that the "evidence did not establish by clear and convincing evidence that

[she] subjected any child to aggravated circumstances sufficient to terminate her residual

parental rights pursuant to § 16.1-283(E)(iv)."

> The residual parental rights of a parent or parents of a child who is
> in the custody of a local board or licensed child-placing agency
> may be terminated by the court if the court finds, based upon clear
> and convincing evidence, that it is in the best interests of the child
> and that . . . (iv) the parent has subjected any child to aggravated
> circumstances.

> \* \* \* \* \* \* \*

> "Aggravated circumstances" means torture, chronic or severe
> abuse, or chronic or severe sexual abuse, if the victim of such
> conduct was a child of the parent or a child with whom the parent
> resided at the time such conduct occurred, including the failure to
> protect such a child from such conduct, which conduct or failure to
> protect: (i) evinces a wanton or depraved indifference to human
> life, or (ii) has resulted in the death of such a child or in serious
> bodily injury to such a child. . . .

Code § 16.1-283(E).

The circuit court held, "Pursuant to Va. Code § 16.1-283(E)(iv), the mother subjected the

child, [J.], to aggravated circumstances in that the child suffered serious bodily injury, whether

by abuse or failure to protect, and such injury resulted in the child's death."

The circuit court heard from Dr. Kevin Whaley, the medical examiner, and Dr. Robin

Foster, the physician at MCV Hospital who treated J. Dr. Foster's credentials included board

certification in the field of child abuse and neglect. In addition to testifying about J.'s skull

fracture and subdural hematoma, both doctors testified about numerous bruises over J.'s body,

including bruises on her head, chin, buttocks, back, chest, and extremities. The bruises were of

various ages, and not all as a result of a fall down the stairs. J. also had multiple retinal

hemorrhages. Both Dr. Whaley and Dr. Foster concluded that J. died from non-accidental, blunt force trauma to the head and that J.'s injuries were not consistent with falling down the stairs, as mother told the medical personnel.

Mother presented evidence from Dr. Christopher Van Ee, who was an expert in biomechanical engineering, and Dr. John Daniel, III, who was a forensic pathologist. Both Dr. Van Ee and Dr. Daniel testified that it was possible for J. to have sustained her injuries as a result of a fall down the stairs. Mother also offered testimony from a neighbor who described J. as a "klutz," and David Wallach testified that he, not mother, was the disciplinarian in the family.

"It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*) (citation omitted).

The circuit court had an opportunity to see and hear all of the witnesses. It found the Department's witnesses to be more credible than mother's witnesses. Contrary to mother's argument, the Department proved that mother subjected J. to aggravated circumstances, which resulted in her death. Considering the record in this case and the severity of J.'s injuries, the circuit court did not err in terminating mother's parental rights pursuant to Code § 16.1-283(E)(iv).

*Assignment of error 4 – Objection to the final orders*

Mother argues that the trial court erred by not ruling on her "Objection to proposed orders for involuntary termination of mother's parental rights." In her objection, mother argued that the circuit court should not enter the proposed orders drafted by the Department because they were "drafted prematurely without the express direction of the Court" and "contain[ed] conclusions not supported by the record." Mother filed her objection on December 10, 2012.

The circuit court entered the final orders on March 18, 2013, after mother filed her objection. Therefore, contrary to mother's argument, the circuit court implicitly ruled on her objections by denying them when it entered the final orders.

CONCLUSION

For the foregoing reasons, the trial court's rulings are summarily affirmed. Rule 5A:27.

Affirmed.